U.S. DISTRICT COURT – N.D. OF N.Y.

**FILED**

**Sep 09 - 2023**

John M. Domurad, Clerk

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK.
-------------------------------------------------------------------------------------X

JOHN DOE,

        Plaintiff

**DOCKET NO:** <u>1: 23-cv-1164</u> GTS/DJS)
**COMPLAINT**
**JURY TRIAL DEMAND**

He is commencing a sealed case on his behalf of himself.

-against-

BOSSIER PARISH COMMUNITY COLLEGE,
CHANCELLOR DR. RICK BATEMAN OF BOSSIER PARISH COMMUNITY COLLEGE
VICE CHANCELLOR KAREN RECCHIA OF BOSSIER PARISH COMMUNITY COLLEGE
ADRIAN CRAWFORD, as Dean of Learn Resources
THERESA JONES, as Vice Chancellor and Dean of Academic Student Success
COMMITTEE ON STUDENT STANDARDS
JOHN DOE OR JANE DOE as Students at Bossier Parish Community College
JIMMY STEWART, CHIEF OF CAMPUS POLICE
KAREN RECCHIA, VICE CHANCELLOR
TERESA A. JONES, PH. D, VICE CHANCELLOR, AND THE DEAN OF ACADEMIC SUCCESS OF THE
SCHOOL COLLEGE OF BOSSIER PARISH COMMUNITY COLLEGE
ADRIAN CRAWFORD, DEAN OF THE LEARN RESOURCES OF BOSSIER PARISH COMMUNITY
COLLEGE

        Defendants

-------------------------------------------------------------------------------------X

**PRELIMINARY STATEMENTS**

1. The fight is all about **the common law doctrine of deceit, intentional Humiliation and common law doctrine of deceit, Negligent Humiliation and intentional misrepresentation and Negligent misrepresentation, and injurious false, misleading, and/or fraudulent misrepresentation statements by the Defendants.**

2. Defendant made up lies that destroyed Plaintiff and made him an outcast from society. The plaintiff demanded justice and wants the Court to grant shift and just punishment against the Defendants.

3. The fight is also all about the Defendants mischaracterizing the Plaintiff.

## VENUE AND JURISDICTION

4. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332(a)(1) because the parties are citizens of different states and the amount in controversy exceeds $75,000.

5. This action is brought pursuant to 42 USC § 1983 to First and 14th Amendments to the U.S. Constitution, **28 U.S.C. § 4101,** common law tort of Misrepresentation, Humiliation, and making false indigenous statements.

6. Venue is proper pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events giving rise to this action occurred in this judicial district.

7. The venue is also proper in this district pursuant to 28 U.S.C. § 1391(b)(2) because, upon information and belief, Defendant Bossier Parish Community College operates, resides, and has its principal place of business in this district. A substantial part of the events or omissions giving rise to the claims occurred in this district under **"28 U.S.C. § 1391(b)(2) because a substantial part of the events giving rise to this action occurred in this judicial district."**

8. This Court has personal jurisdiction over Bossier Parish Community College Defendants pursuant to New York's long-arm statute, N.Y. C.P.L.R. § 302(a)(1) and (2). The Court may also exercise pendent personal jurisdiction over Bossier Parish Community College Defendants for claims that share a common nucleus of operative facts.

## PARTIES

9. Plaintiff John Doe is a student and former student of Bossier Parish Community College student. He is a resident and domiciliary of the State of New York. Furthermore, The Plaintiff was born and raised in New York State.

10. Defendant Bossier Parish Community is a State College school, making them a state actor and currently a resident and domiciliary of the State of Louisiana.

11. Defendant Dr. Rick Batman is relevant to the Chancellor of the school college of Bossier Parish Community College. He is duly sued under his official capacity and individual capacity, making them a state actor, and is currently a resident and domiciliary of the State of Louisiana.

12. The Defendant **Committee of Students Standard** is relocated to the school college of Bossier Parish Community College. It is duly sued under its official and individual capacity, making it a state actor, and is currently a resident and domiciliary of the State of Louisiana.

13. Defendant John Doe is a relevant Student of Bossier Parish Community College and a private actor. Upon information and belief, he resides in Bossier Parish Community. Plaintiff does not know that person's real name but will eventually know open due to disclosure practices and is currently a resident and domiciliary of the State of Louisiana.

14. Defendant Jane Doe is a relevant Student of Bossier Parish Community College and a private actor. Upon information and belief, she resides in Bossier Parish Community. Plaintiff does not know that person's real name but will eventually know open due to disclosure practices and is currently a resident and domiciliary of the State of Louisiana.

15. Defendant Jimmy Stewart is a relevant Chief of Campus Police and is duly sued under his official capacity and individual capacity,, making him a state actor. He is currently a resident and domiciliary of the State of Louisiana.

16. Defendant Karen Recchia is a relevant Vice-Chancellor. of the school college of Bossier Parish Community College. She is duly sued under her official capacity and individual capacity, making her a state actor, and is currently a resident and domiciliary of the State of Louisiana.

17. Defendant Teresa A. Jones, Ph. D., is a relevant Vice-Chancellor and the dean of academic success of the school college of Bossier Parish Community College. She is duly sued under her official and individual capacity, making them a state actor and is currently a resident and domiciliary of the State of Louisiana.

18. Defendant Adrian Crawford is a relevant dean of the Learn Resources of Bossier Parish Community College; she is duly sued under her official and individual capacity and is currently a resident and domiciliary of the State of Louisiana.

## NOTICE OF CLAIM

19.  The Notice of Claims under **§ 975 notice requirement applies only to insurance claims involving bodily injury, not to claims against the government or government-run university.**

20. **Second, the Louisiana Government Claims Act covers tort claims against State, State agencies, and political subdivisions in Louisiana.**

21. Unlike the Federal Tort Claims Act and most other statutes, Louisiana has no prior administrative notice requirement under La. Rev. Stat. **§5107, service of the citation (complaint) and summons on the State attorney general is required.**

22. That's ordinarily handled by the Sheriff or City Marshalls or making a motion for leave to appoint a private process of the parish and is NOT allowed to be by mail.

23. In pursuant to the **Louisiana Government Claims Act covering tort claims,** La. Rev. Stat. **§5107 against State, State agencies, and the government or government-run university** Louisiana State law has no prior administrative notice requirement under La. Rev. Stat. **§5107** in others.

## STATEMENT OF THE PLAINTIFF'S LEGAL RIGHT TO SUE

24. Plaintiff's legal right to sue and maintain this action is based on the right to speech of the 1st and 14th Amendments of the US Constitution in the free speech clause and Due process of Law.

25. The Right to sue is Governed by the First Amendment under the right to redress to the Government, and the Courts are the Government and hereby state:

   **26.A. "Congress shall make no law respecting an establishment of religion, or prohibiting the free exercise thereof, or abridging the freedom of speech, or of the press; or the right of the people peaceably to assemble, and to petition the Government for a redress of grievances",**

## FACTS

26. On or about February 20, 2023, at 10:32 AM, on the second floor in Study Room 264 in the study room school or college library, Plaintiff was studying the room when two women appeared; the first woman was a Caucasian woman, and the second woman was Ms. Crawford

27. Ms. Crawford informed Plaintiff John Doe that he was accused by an unknown Complainant and Defendant Bossier Parish Community College, Defendant Dr. Rick Batman is relevant to the school college of Bossier Parish Community College and did not produce any "collaborative evidence" nor give Plaintiff Mr. Doe "no procedural due process of law" was Orally false statement regarding Plaintiff John Doe was orally Slander by Defendant Bossier Parish Community College, Defendant Dr. Rick Batman is relevant to the school college of Bossier Parish Community College and did not produce any "collaborative evidence.

28.  This a cause of action of malfeasance; because an act that is illegal and causes physical, mental, or financial harm to another individual (Plaintiff John Doe) as stated in (*id.*, ¶¶ 21-47).

29. Plaintiff John Doe was accused by another Defendant, John Doe, or Defendant Jane Doe, of the unknown complainant. Fact Defendant John Doe and Defendant Jane Doe had "no collaborative evidence" of video recording via cell phone on Plaintiff John Doe, and both Caucasian woman and the second woman was Ms. Crawford; both admit they had "no collaborative evidence" as a matter of fact, and Defendant John Doe and Defendant Jane Doe had "no collaborative evidence" video recording via cell phone on Plaintiff John Doe.

30. On or about February 20, 2023, So Called student, as claimed by Defendant Bossier Parish Community College, Defendant Dr. Rick Batman, is relevant to the school college of Bossier Parish Community College without prior knowledge of evidence but relied on hearsay that Plaintiff John Doe, upon information and nature belief that Plaintiff John Doe was viewing sexual material. Still, Defendant Bossier Parish Community College, Defendant Dr. Rick Batman, is relevant to the school college of Bossier Parish Community College's belief the Defendant John Doe or Defendant Jane Doe was vague about it. They have no "collaborative evidence" and or required proof from the Defendant John Doe or Defendant Jane Doe, the Defendant Bossier Parish Community College, Defendants Dr. Rick Batman, are liable under the common

law doctrine of deceit, intentional Misrepresentation, and Negligent
Misrepresentation and Malfeasance. But the Defendants did not give him
notice of the clear reason.

31. On or about February 20, 2023, Defendant Bossier Parish Community College
Defendant Dr. Rick Batman, is relevant to the school college of Bossier
Parish Community College and Defendant Committee Student Standard,
relied on Defendant John Doe or Defendant Jane Doe as students as
hearsay which is "not collaborative evidence."

32. On or about February 20, 2023, Defendant Bossier Parish Community College
Defendant Dr. Rick Batman and Defendant Committee Student Standard
believed Defendant John Doe or Defendant Jane Doe as students when in
fact, the so-called student did not produce any "collaborative evidence"
against Plaintiff John Doe nor the Defendant Student as a private actor.

33. On or about February 23, 2023, Plaintiff John Doe was crippled for the rest of
his life based on the lie by Defendant Bossier Parish Community College
Defendant Dr. Rick Batman and Defendant Committee of Student standard
belief student Defendant John Doe or Defendant Jane Doe on February 21,
2023, place on social media Facebook, Youtube, Twitter, grab tick tock.
Rumble and on February 23, 2023, Plaintiff John Doe was banned from
Thrifty Liquor at 1978 Airline Drive, Bossier City, LA 71112 because of the
Defendants Bossier Parish Community College, Dr. Rick Batman, Committee
of Student standards, and Defendant John Doe or Defendant Jane Doe as
students because lie about that Plaintiff John Doe was viewing on sexual
mature on Plaintiff John Doe's laptop. Defendant Bossier Parish Community
College admitted to Plaintiff Doe that student Defendant John Doe nor
Defendant Jane Doe as students nor had video footage or photograph
against Plaintiff John Doe. Still, the Defendant, Bossier Parish Community
College, has no collaborative evidence but only relied upon hearsay statements
is "not collaborative evidence" as a matter of law.

34. John Doe that Defendant Bossier Parish Community College exposed
or exploited Plaintiff John Doe on social media. Now Plaintiff is
banned from 85 percent of retail stores, including Thrifty Liquor in
Shreveport, Bossier City. Haughton, Louisiana, is not limited to banks,
credit unions, and coffee shops. Plaintiff John Doe cannot apply for
Louisiana State University, Northwestern University, SUNY Sullivan
(Sullivan County Community College), etc. Plaintiff is trying to buy
potatoes crips in Thrifty Liquor.

35. Upon information and nature, Defendant Bossier Parish Community
College and Defendant Student John Doe or Defendant Student Jane

Doe falsely accused Plaintiff of **viewing sexually mature contents of nature. Still, Plaintiff was not given a written nor notice of an oral detailed statement to Plaintiff. Still, Plaintiff does not know in what the heck** Defendant Bossier Parish Community College and Defendant Student John Doe or Defendant Student Jane Doe do not have true specifics and details because Defendant is still very vague.

36. Defendant Bossier Parish Community College admitted to the Plaintiff has no evidence against Plaintiff but hearsay on **February 20, 2023, at 10:32 AM.**

37. Defendant Bossier Parish Community College admitted to Plaintiff that Defendant Student John Doe or Defendant Student Jane Doe had no picture evidence against Plaintiff John Doe in his face on **February 20, 2023, at 10:32 AM.**

38. Defendant Bossier Parish Community College admitted to Plaintiff that Defendant Student John Doe or Defendant Student Jane Doe had no video evidence against Plaintiff John Doe in his face on **February 20, 2023, at 10:32 AM on their false allegation that Plaintiff viewed sexually mature contents of nature.**

39. So, hearsay is **not collaborative evidence**, and all Defendants admitted to Plaintiff on **February 20, 2023, at 10:32 AM as fact.**

40. **On or about February 24, 2023,** Defendant Bossier Parish Community College crippled Plaintiff John Doe for life based on the lie, and now Plaintiff cannot obtain Employment.

41. **On or about February 20, 2023,** the rest of Society believed on base lies of gaslighting Plaintiff Mr. John Doe that something he never did because the Defendant **Bossier Parish Community College, Defendant Dr. Rick Batman is relevant to the school college of Bossier Parish Community College, believes the Defendant John Doe or Defendant Jane Doe without evidence and or required proof from the Defendant John Doe or Defendant Jane Doe and Defendants crippled Plaintiff John Doe without evidence and or confirmation needed from the Defendant John Doe or Defendant Jane Doe, therefore, is Consequently, the Defendant Bossier Parish Community College, Defendants Dr. Rick Batman, are liable under the common law doctrine of deceit, intentional Humiliation and common law doctrine of deception, Negligent Humiliation. The Plaintiff has entitled the punitive damages.**

42. **Plaintiff is an outcast because Defendant's cause by gaslighting, false misleading, and misrepresentation to be banned from restaurants and hotels. That is true in this state, and upon information and belief in other states, believe the Defendants' lies like New York State, etc. The Plaintiff has entitled the punitive damages and compensatory damages from the Defendants.**

43. Plaintiff John Doe cannot buy a simple car because **Defendant's cause by gaslighting, false misleading, and misrepresentation got Plaintiff banned by specific Cars deals**.

44. Plaintiff John Doe had to see his psychiatrist on April 24, 2023, at 1 PM.

45. Plaintiff John Doe attached in support of the Complaint what kind of Psychiatric medication Plaintiff John Doe that he had adjusted to the Defendant's shame, embarrassment, humiliation mental trauma and Plaintiff John Doe's psychiatrist had issued him psych medication of **Zyprexa, and Prozac, etc.** because of the mental anguish from the Defendants which as cause him to fail school because of the Defendants reckless behavior to the Plaintiff.

46. On April 24, 2023, at 1 PM, Plaintiff John Doe saw Dr. Woe at the Ochsner LSU Health, Shreveport, General Psychiatry Outpatient Clinic at the address at 1606 Kings Highway, 2nd Floor, Shreveport, LA 71101.

47. Plaintiff John Doe complained to Dr. Woe at the Ochsner LSU Health that Defendant **Bossier Parish Community College, Defendant Dr. Rick Batman, and all following Defendants lied about and Plaintiff John Doe and Plaintiff loss his mind and enduring** mental anguish from the Defendants statements he was engaging in the act of Malfeasance. The Defendants' conduct was reckless behavior, misconduct, intent to harm, and act in bad faith against Plaintiff John Doe and was never very good faith.

48. On April 24, 2023, at 2:15 PM, Dr. Woe, psychiatric medication of Prozac, Plaintiff John Doe, based on the depression and the mental anguish from the Defendants' conduct, and he entitled to General Compensatory Damages that is Non-economic losses are <u>those losses</u> that can't be easily determined, such as pain and suffering and emotional distress.

49. Plaintiff John Doe wants to explain an experience in a real-life situation that is relevant to this fact of this Complaint that happened to Mr. Doe, was at Rhino Coffee on March 5, 2023, at 624 Texas Street,

Shreveport, LA 71101, is about on Sunday an approximate time of 5:24 PM, harassed by a mentally ill man and there a significant number of witnesses that saw what happen to mean.

50. Plaintiff John Doe has personally experienced retaliation from his lawsuit because he was banned from the College Library. Defendant Bossier Parish Community College refused to provide him with financial aid.

51. Upon information and nature, Co-Defendant John Doe or Jane Doe may be minors.

52. Plaintiff John Doe is still determining the age of the Co-Defendant John Doe or Jane Doe.

53. On June 15, 2023, at approximately 2:25 PM in the afternoon, Plaintiff was confronted by an older Caucasian man who wight in approximately 180 IBS to 201 by an approximate age of 60 to 72.

54. This person advised Plaintiff to present on Monday, June 19, 2023. An email was sent on June 15, 2023, to Plaintiff John Doe, comes in Building A, in Room 222 at 9:30 AM, **annexed Exhibit B hereto is an accurate and correct copy of the filed timely appointment card stating Plaintiff John Doe must be there at June 19, 2023, at Room A 222 at 9:30 AM.** The person named Jimmy Stewart, Chief of Campus Police, advised the Plaintiff, John Do, orally on June 15, 2023, an extremely sensitive matter "Do not say this no one but except Jimmy Stewart, Chief of Campus."

55. Plaintiff advised Mr. Jimmy Steward and Mr. Steward agreed that the Plaintiff's lawsuit should be filed with a seal and pseudonyms Lawsuit against Defendant Bossier Parish Community College as soon as possible.

**56.** Jimmy Stewart, Chief of Campus, agreed and consented that Plaintiff John Doe's case should seal and pseudonym the s Lawsuit matter of fact on June 15, 2023, and is a sensitive issue and matter because of the fact Mr. Steward brought up to the Plaintiff's attention.

57. On June 15, 2023, Jimmy Stewart, Chief of Campus, advised Plaintiff Doe that he emailed Mr. Doe on June 15, 2023, at 10:11 AM, and the email read this:

**Annexed Exhibit C hereto is an accurate and correct copy of the email communication to Plaintiff John Doe -**

"Good morning, Gilbert; please allow me to introduce myself. I am Jimmy Stewart, Chief of Campus Police. Vice Chancellor Karen Recchia and I need to meet with you on Monday, June 19, 2023, at 0930 hours. This meeting will be in A 222. This is located on the second floor of A building. This meeting is in reference to a complaint received regarding you. This meeting is mandatory, and your presence is required. If you have any questions, please contact me at 318-678-6195. Do not contact any faculty or staff about this. Your point of contact regarding any questions is the office of the campus police.

Respectfully,

Jimmy Stewart
Chief of Campus Police
Bossier Parish Community College
318-678-6195   Office"

58. Plaintiff John Doe advised Mr. Steward that he (Plaintiff John Doe) does not enjoy some lying and will seek every legal remedy on Plaintiff John Doe's right.

59. Mr. Steward noted that he said to Plaintiff John Doe, and Mr. Steward stated to Plaintiff that Mr. Steward hates someone about himself too.

### AS FOR THE DEFENDANT, MR. JIMMY STEWARD

60. On June 15, 2023, Plaintiff Doe also asked Mr. Steward, "Who the hell are you?" and Mr. Steward replied to Plaintiff John Doe, "I am one of the impartial adjudicators." He further said to Plaintiff, "Do not tell this one but me and Ms. Karen Recchia, and do not tell this to Cavalier Care Center, Ms. Saren Robinson, to other students, other professors, regarding this matter and Plaintiff's agreed, and Plaintiff John Doe advice Mr. Steward he will seal lawsuit will file in this Court and Defendant Jimmy Steward in speaking on behalf of the lead-Defendant Bossier Parish Community College and other Defendants consent for the Plaintiff Pro Se to be pseudonyms and seal the case to the general public for the protects of Plaintiff Pro Se and approximately time was 2:35 PM, June 16, 2023.

A. **Contradiction behavior, actions, and statements by the Defendants, Mr. Jimmy Steward, of his words and actions & behavior, and attitude**

61. On July 19, 2023, at the time of 8:42 PM, Defendant Mr. Jimmy Stewart lied to Plaintiff John Doe; he is an impartial adjudicator because of new facts that he biased and broke federal constitutional law and Louisiana State Constitution law because Defendant Mr. Jimmy Stewart's email in Plaintiff's private email address at: gilbertlau3@gmail.com & Plaintiff's student email address at: gilbertlau@student.bpcc.edu  and message states this

(62.A.) **"Good evening, Gilbert; a situation has been brought to my attention. Employees of Bossier Parish Community College have found your actions/behavior alarming to the degree that they feel harassed and unsafe. Bossier Parish Community College is committed to a safe campus. This includes not only students but also faculty and staff. Gilbert, if you continue**

to harass employees verbally or via email, your attendance at Bossier Parish Community College may be in Jeopardy. If you have any questions, please contact me at the campus police office.  Any questions you may have need to be directed to my office.

Thank you,

Jimmy Stewart
Chief of Campus Police
Bossier Parish Community College"

62. By the attached email and message, he is: "I am one of the impartial adjudicators." It is fact-proof, which constates that he is a liar and biased. His action that just emailed Plaintiff Doe is proof on July 19, 2023, at the time of 8:42 PM.

## FACTS CONCERNING BPCC'S UNLAWFUL PRACTICES

### A. *FACTS THAT DEFENDANTS JIMMY STEWARD OR JUSTIFY THAT SHOWS VIOLATIONS OF PLAINTIFF JOHN DOE'S PROCEDURE OF DUE PROCESS.VIOLATIONS*.

63. **Facts: Defendant Jimmy Steward conducted no investigation on Plaintiff John Doe but just judged Plaintiff first; in other words, "You guilty first, and you're innocent later." This is not how this country works. We are innocent first and guilty later. Defendant Jimmy Steward must prove the case against Plaintiff John Doe because Defendant Jimmy Steward is the complainant.**

64. Plaintiff John Doe was not given a college trial, or Defendant Jimmy Steward did not offer him a fair hearing to Plaintiff John Doe as a fact.

65. Fact, Defendant Jimmy Steward, On June 15, 2023, at approximately 2:25 PM in the afternoon and on July 19, 2023, at the time of 8:42 PM, provided **"no notice of his right of redress"** that also constitutes a violation of the first amendment of the US constitutional of the right to redress.

66. No notice of accuser on February 23, 2023, by Defendant Jimmy Steward.

67. No specific and Detailed behavior Conduct contact to the Plaintiff, and all admitted there is none. Therefore, Defendants admitted to the Plaintiff and the Court that Defendants willfully violated the Due Process violation of the federal and Louisiana Constitution, including Defendant Jimmy Steward.

68. Defendant Jimmy Steward did not conduct any investigation as of fact, nor did Defendant Steward confront Plaintiff John Doe about whomever Complaint against Plaintiff John Doe about the Matter and constitutes a Procedure Due Process violation.

**FACTS CONCERNING BPCC'S UNLAWFUL PRACTICES**

B. *FACTS THAT DEFENDANTS JIMMY STEWARD OR JUSTIFY THAT SHOW VIOLATIONS OF PLAINTIFF JOHN DOE'S SUBSTANTIAL OF DUE PROCESS.VIOLATIONS*

69. On July 19, 2023, at 8:42 PM and 11:42 AM, conclude that Plaintiff is guilty without a college hearing or a college trial.

**FACTS CONCERNING BPCC'S UNLAWFUL PRACTICES**

C. *FACTS THAT DEFENDANTS JIMMY STEWARD OR JUSTIFY THAT SHOW VIOLATIONS OF PLAINTIFF JOHN DOE'S PENDENT CLAIM OF-CIVIL HARASSMENT VIOLATIONS*

**PENDENT CLAIM -CIVIL HARASSMENT AND TELE-COMMUNICATION HARASSMENT AGAINST DEFENDANT JIMMY STEWARD**

70. Defendant Jimmy Steward's email communication at Plaintiff's private address at gilbertlau3@gmail.com and Defendant Jimmy Stewart wanted Plaintiff John Doe to sign an agreement document or unknown document. Without the Plaintiff seeing it in the first place and without impartially hearing both sides of the story without hearing the pain of side of the story quickly just a Plaintiff, without due process of law and without impartially hearing the required of due process of law and Defendant Mr. Stewart's requirement is absurd or obscure of nature or threatening any illegal or intent to coerced, intimate the Plaintiff John Doe to sign the Behavior contract as a Quip pro Quo deal and Plaintiff John Doe found Defendant Jimmy Stewart constitutes harassment to that admitted to behavior and without Plaintiff John Doe

has been identified or collaborate evidence and without Plaintiff having seen in the first place constituted federal and state due process of violations.

### FACTS CONCERNING BPCC'S UNLAWFUL PRACTICES

### *FACTS THAT DEFENDANTS VICE CHANCELLOR KAREN RECCHIA OF BOSSIER PARISH COMMUNITY COLLEGE OR JUSTIFY THAT SHOWS VIOLATIONS OF PLAINTIFF JOHN DOE'S PROCEDURE OF DUE PROCESS.VIOLATIONS*

64. On June 12, 2023, Plaintiff was on campus at approximately 4:15 PM. Plaintiff was advised by an advisory that Chef Julie put a block on Plaintiff's registration for Full, 2023, but later, eventually, Plaintiff found out it was not valid. Still, the advisor said Chef Julie was the only one who could reverse the hold.

71. Approximate date of June 26, 2023, at approximately 12:39 PM, Plaintiff Doe spoke to a woman on the Phone other than Chef Julie, reversing the hold on Plaintiff's registration for Full, 2023 registration for Full, 2023 registration for Full, 2023 the Vice-Chancellor Karen Recchia.

72. On July 11, 2023, at 12:39 PM, Plaintiff John Doe Spoke to Karen Reccina. Upon information and natural belief, she oversees the Business office or registration or advisement. Plaintiff Doe discussed talking about Karen Recchia, Vice-Chancellor, for 2 minutes and 39 seconds.

73. On July 11, 2023, at 12:44 PM, Plaintiff John Doe Spoke to Chef Julia Dupont. Upon information and natural belief, she oversees the culinary arts major, Plaintiff's lead-culinary arts teacher, and Plaintiff John Doe, his Ultimate trustworthy academic advisor. Chef Julie does not work this summer or any summer and spring semesters, as a matter of fact. Plaintiff Doe had a discussion for 2 minutes and 7 seconds regarding the conversation about advisement and said that Chef Julia Dupont put holding.

74. On time at 12:45 PM, Chef Julia Dupont told Plaintiff Doe that she never put a hold on Plaintiff's registration in Fall 2023.  Plaintiff Doe believes that she is

telling the truth because Plaintiff is a very good judge of character, so Defendant is lying, and Defendants has, in fact, retarded against Plaintiff in preventing by holding on to his registration in Fall 2023, and this is civilly illegally because is it procedure due process violation because they have no collaborate evidence against the Plaintiff Doe.

75. Both Defendant Vice-Chancellor Karen Recchia retaliated against Plaintiff in preventing by holding on to his registration in Fall 2023, and this is civilly illegal because is it procedure due process violation because they have no collaborative evidence against Plaintiff John Doe because the defendants want to create their own fake evidence against the Plaintiff, John Doe. The Plaintiff has a witness and will subpoena the witness in the evidential hearing or Mimi trials against the Defendants. This is a fact that Plaintiff John Doe has Prima Facie tort because she has no collaborative evidence.

76. **The** harassment, gaslighting, false misleading, and misrepresentation must be stopped. Plaintiff John Doe must be greatly ridiculed, humiliated, **or embarrassed for something Plaintiff John Doe and the Defendants admitted was false. "Defendant** Bossier Parish Community College admitted to the Plaintiff has no evidence against Plaintiff but hearsay on **February 20, 2023, at 10:32 AM."** Defendant Bossier Parish Community College admitted to Plaintiff that Defendant Student John Doe or Defendant Student Jane Doe had no picture evidence against Plaintiff John Doe in his face on **February 20, 2023, at 10:32 AM,** Defendant Bossier Parish Community College admitted to Plaintiff that Defendant Student John Doe or Defendant Student Jane Doe had no video evidence against Plaintiff John Doe in his face on **February 20, 2023, at 10:32 AM., See, Paragraphs 29, 30, and 31 of the** Amended Complaint.

**FACTS CONCERNING BPCC'S UNLAWFUL PRACTICES**

D. *FACTS THAT DEFENDANTS JIMMY STEWARD OR JUSTIFY THAT SHOW VIOLATIONS OF PLAINTIFF JOHN DOE'S PENDENT CLAIM OF FIRST AMENDMENT OF THE CONSTITUTION VIOLATIONS OF THE RIGHT TO REDRESS OF GRIEVANCES WITH THE AGAINST DEFENDANT JIMMY STEWARD*

1. **DEFENDANT JIMMY STEWARD AND DEFENDANT BOSSIER PARISH COMMUNITY COLLEGE INFRINGED THE PLAINTIFF'S FEDERAL CONSTITUTIONAL RIGHT UNDER THE UNITED STATES CONSTITUTION OF THE FIRST AMENDMENT THE RIGHT TO SUE AGAINST THE DEFENDANTS REGARDING OF REDRESS OF GRIEVANCES.**

77. Plaintiff John Doe submitted this Amended Complaint to provide a factual account of the events that have transpired concerning my expulsion from Defendant Bossier Parish Community College, my subsequent legal actions, the recent citation I received for Louisiana Revised Statute 14 Section 285, and the alleged violations of my rights to free speech and color of law as defined under 42 USC § 1983. Plaintiff John Doe believes these actions are motivated by retaliation and harassment due to my decision to file a lawsuit against Defendant Bossier Parish Community College. I may further anticipate the need for legal action to address ongoing harassment, which the Plaintiff has a constitutional right to sue under redress or petition to the court, which is the government.

2.   Expulsion and Lawsuit:

78. On August 8, 2023, Plaintiff John Doe was inexplicably expelled from Defendant Bossier Parish Community College in this Court. The reasons for my expulsion were not provided to me, leaving me bewildered and without an opportunity to respond or defend myself. This lack of information and the absence of due process has violated my rights to fairness, transparency, and a proper opportunity to present my side of the story.

3.   Violation of Due Process:

79. The expulsion from Defendant Bossier Parish Community College was executed without affording me the due process rights to which I am entitled. My right to be informed of the allegations against me, to be provided with an opportunity to be heard, and to defend myself through fair and impartial process were disregarded. The absence of due process undermined my rights and contributed to the uncertainty and distress surrounding my expulsion.

4.   Continued Harassment by Defendants:

80. Following the initiation of the legal proceedings, I have experienced continued harassment and hostile treatment from Defendant, Bossier Parish Community College. The acts of harassment have manifested in various ways, including but not limited to unwarranted communication, intimidation, and emotional distress. It is evident that these actions are aimed at coercing me and obstructing the progress of the lawsuit I have filed against Defendant, Bossier Parish Community College, and other Co-Defendants.

5.   Citation for Louisiana Revised Statute 14 Section 285:

81. Most recently, on August 8, 2023, at the time 9:10 AM. I was served a citation for an alleged Louisiana Revised Statute 14 Section 285 violation. The citation needs to provide a clear explanation of the

charges. I believe this citation is being used as an additional tactic of harassment and retaliation against me for pursuing my rights through the legal system.

82. Upon information and Nature belief Defendant Jimmy Steward knew that the Bossier Police Detective or investigator was unknown John Doe. Plaintiff John Doe believes this citation is being used as an additional tactic of harassment and retaliation against me for pursuing my rights through the legal system and preventing Plaintiff from seeking legal redress from the Court pursuant to the First Amendment of the United States Constitution.

6.   Violation of Free Speech and Color of Law (42 USC § 1983):

83. Plaintiff John Doe further alleges that my rights to free speech have been violated by Defendant Bossier Parish Community College and Defendant Jimmy Steward through their actions of retaliation, harassment, and intimidation. These actions impede my ability to express myself openly and without fear of reprisal. Additionally, I believe that Defendant Bossier Parish Community College and Defendant Jimmy Steward's actions, as described herein, may constitute a violation of the color of law as defined under 42 USC § 1983, wherein individuals acting under the pretense of law engage in conduct that deprives others of their rights protected by the Constitution.

7.   Request for Cease and Desist:

84. I hereby demand that Defendant Jimmy Steward and Defendant Bossier Parish Community College immediately cease and desist from any further acts of harassment, intimidation, and retaliation against me. The ongoing harassment and hostile behavior have caused significant distress and emotional turmoil. Further legal action may be necessary if

these actions persist, and the Plaintiff has a constitutional right to do so.

**FACTS CONCERNING BPCC'S UNLAWFUL PRACTICES**

*FACTS THAT DEFENDANTS VICE CHANCELLOR TERESA A. JONES, PH.D. OF*
*BOSSIER PARISH COMMUNITY COLLEGE OR JUSTIFY*
*THAT SHOWS VIOLATIONS OF PLAINTIFF JOHN DOE'S*
*PROCEDURE OF DUE PROCESS.VIOLATIONS*

85. On July 26, 2023, Defendant Vice Chancellor Teresa A. Jones, Ph. D emailed Plaintiff at his college email address at: gilbertlau@student.bpcc.edu and at the ligation email address at: gl.law71111@proton.me

86. On July 26, 2023, Defendant Vice Chancellor Teresa A. Jones, Ph. D, emailed Plaintiff John Doe, and stated that **"Please see the attached memo regarding your enrollment status at Bossier Parish Community College. You must follow the Readmission Procedure for Involuntary Removals to be considered for readmission for the spring 2024 semester. The link to the readmission procedure is included in the attached letter.**

Please email me at tjones@bpcc.edu with any questions you have regarding this action.

Best regards,

Teresa A. Jones, Ph.D.
Vice Chancellor for Enrollment Management and
Student Services

**Bossier Parish Community College**
tjones@bpcc.edu
**Office: 318-678-6349" Annexed Exhibit D hereto is an accurate and correct copy of the email communication to Plaintiff John Doe** Defendant Vice Chancellor Teresa A. Jones, Ph. D, emailed Plaintiff John Doe. She stated that he was expelled **from school. Annexed Exhibit E hereto is an accurate and correct copy of the email communication to Plaintiff John Doe by Vice Chancellor Teresa A. Jones, Ph. D, who emailed Plaintiff John Doe and stated that she has no evidence that there is no official behavioral conduct contract.**

87. Defendant Vice Chancellor Teresa A. Jones, Ph. D, stated she has complied with Plaintiff John Doe's Procedure of Due Process of law, but that is a lie because first, where is the Plaintiff's fair hearing that he never got from the Defendant Vice Chancellor Teresa A. Jones, Ph. D, second, Plaintiff never got notice regarding Feb 23, 2023, of accusation from the Defendant, third, where is Plaintiff's college trial that the Defendant Vice Chancellor Teresa A. Jones, Ph. D, deprive Plaintiff John Doe off, fourth, No notice of the right of my rights, fifth, Defendant Vice Chancellor Teresa A. Jones, Ph. D, admitted to the Plaintiff John Doe the State college has no evidence in her email and in writing when Plaintiff John Doe was LA FOIL Requests, sixth, Defendant Vice Chancellor Teresa A. Jones, Ph. D, quickly condemn Plaintiff John Doe and judge Plaintiff John Doe without Plaintiff John Doe, in fact, guilty, and seventh, Defendant Vice Chancellor Teresa A. Jones, Ph. D, provide no clue of who is the accuser.

### FACTS CONCERNING BPCC'S UNLAWFUL PRACTICES

### *FACTS THAT DEFENDANT DEAN OF THE LEARN RESOURCES Adrian Crawford OF BOSSIER PARISH COMMUNITY COLLEGE OR JUSTIFY THAT SHOWS VIOLATIONS OF PLAINTIFF JOHN DOE'S PROCEDURE OF DUE PROCESS VIOLATIONS*

88. Defendant Adrian Crawford, dean of the Learn Resources of Bossier Parish Community College, on February 23, 2023, blocked or banned the Learn Resources of Bossier Parish Community or the learning center without collaborative evidence because Plaintiff requested from Defendant Adrian Crawford and other Defendants admitted to the Plaintiff, they have no collaborative evidence and Consequently, Defendant Adrian Crawford is liable under the doctrine of Procedure process violation for their tortious actions.

### DAMAGES

89. As a direct and proximate result of the said acts of the defendants, Plaintiff John Doe suffered the following injuries and damages:

90. Violation of his rights under the First and Fourteenth Amendments to the Constitution.

91. Loss of physical liberty to have a very good education.

92. Life-threatening mental injuries, pain, suffering, extreme fear, and emotional trauma require the expenditure of money for treatment expected to last the rest of his life.

93. Economic damages, including loss of income; and Humiliation, embarrassment, and injury to reputation.

94. The physical, psychological, and economic consequences of the defendants'

actions continue to date, and upon information and belief, will continue.

## EXHIBITS

95. **EXHIBIT A-** Appointment Document for On April 24, 2023, at 2:15 PM, Dr. Woe, psychiatric medication of Prozac, Plaintiff John Doe, based on the depression and the mental anguish from the Defendants 'conduct, and he entitled to General Compensatory Damages

96. **EXHIBIT B-Mr. Jimmy Stewart, the Chief of Campus Police, made an appointment card stating Plaintiff John Doe must be there on June 19, 2023, in Room A 222 at 9:30 AM and all other emails by Defendant Mr. Jimmy Stewart, the Chief of Campus Police.**

97. **EXHIBIT C- All** Defendant Vice Chancellor Teresa A. Jones, Ph. D, stated she had emailed Plaintiff John Doe and stated that she has no evidence that there is no official behavioral conduct contract.

98. **EXHIBIT D-Affidavit in Support of the Amended Complaint duly sworn by Plaintiff John Doe with Three supporting witnesses for Plaintiff Doe.**

## CAUSES OF ACTIONS
## FIRST CAUSE OF ACTION

## COUNT I
### 42 U.S.C. § 1983 CONSPIRACY
Paragraphs 1- 98 are incorporated by reference as though fully set forth.

**98. Defendant** Bossier Parish Community College **Dr. Rick Batman, Defendant Committee Student Standard, Defendant** Student John Doe or Defendant Student Jane Doe, Defendant Jimmy Steward, Defendant Vice-Chancellor Karen Recchia, Defendant Adrian Crawford, dean of the Learn Resources of Bossier Parish Community College, and **Defendant John Doe or Defendant Jane Doe, and** under color of law, conspired with Bossier Police Detective or investigator unknown John Doe that appeared on August 8, 2023, at the time 9:10 AM and upon information and belief that the Defendant Jimmy Steward knew the that Bossier Police Detective or investigator unknown John Doe to deprive his constitutional rights, including the rights: to be free from the intentional use harass of unreasonable telecommunication harassment by Defendants; to be free from unreasonable retaliation; to associate and speak freely; to have access to and seek redress in the courts; and to be free from false expelled and retaliated against Plaintiff in preventing by holding on to his registration in Fall 2023, and Following the initiation of the legal proceedings, Plaintiff have experienced continued harassment and

hostile treatment from Defendant, Bossier Parish Community College. The acts of harassment have manifested in various ways, including but not limited to unwarranted communication, intimidation, and emotional distress. It is evident that these actions are aimed at coercing me and obstructing the progress of the lawsuit Plaintiff has filed against Defendant, Bossier Parish Community College, and other Co-Defendants.

A. Plaintiff demands Judgment by general compensatory damages in the amount of $100.000.00

B. Plaintiff demands Judgment by Punitive damages in the amount of $ $2.75 trillion. ($2,750,000,000,000.00)

C. Plaintiff requests a permanent injunction against the defendants who retaliated against Plaintiff.

### SECOND CAUSE OF ACTION

### COUNT II

### 42 U.S.C. §1983 - FIRST AND FOURTEENTH AMENDMENT VIOLATIONS

103.    Paragraphs 1- 105 are incorporated by reference as though fully set forth.

104.    By their conduct and under color of law, all individuals and Defendant Bossier Parish

Community College and Defendant Jimmy Steward, acting under color of law deprived Plaintiff John

Doe of his First and Fourteenth Amendment rights to access and seek redress in the courts.

105.    The defendants engaged in a cover-up to conceal the wrongful and

        unlawful conduct taken against Plaintiff John Doe.

106.   The defendants' efforts to conceal the truth continue to the detriment of Plaintiff John

Doe.

107.   Defendant Bossier Parish Community College and Defendant Jimmy Steward with following the initiation of the legal proceedings, I have experienced continued harassment and hostile treatment from Defendant Bossier Parish Community College and Defendant Jimmy Steward. The acts of harassment have manifested in various ways, including but not limited to unwarranted communication, intimidation, and emotional distress. It is evident that these actions are aimed at coercing me and obstructing the progress of the lawsuit I have filed against Defendant, Bossier Parish Community College, and other Co-Defendants.

108.   Upon information and belief that Defendant Bossier Parish Community College and Defendant Jimmy Steward rigged this activity by their corruption, Defendant Jimmy Seward knew Police Investigator by serving this Citation for Louisiana Revised Statute 14 Section 285 against Plaintiff John Doe, on the most recently, on August 8, 2023, at the time 9:10 AM. I was served a citation for an alleged Louisiana Revised Statute 14 Section 285 violation. The citation needs to provide a clear explanation of the charges. Plaintiff John Doe believes this citation is being used as an additional tactic of harassment and retaliation against Plaintiff John Doe for pursuing his rights through the legal system under the Right to sue is Governed by the First Amendment under the right to redress to the Government. The Courts are the Government and hereby state the right to petition the Government, and the Court is the Government.

As a direct and proximate result, Plaintiff John Doe suffered the injuries and damage described above.
A. Plaintiff demands Judgment by general compensatory damages in the amount of $100.000.00

B. Plaintiff demands Judgment by Punitive damages in the amount of $ $2.75 trillion. ($2,750,000,000,000.00)
C. Plaintiff requests a permanent injunction against the defendants who retaliated against Plaintiff.

## THIRD CAUSE OF ACTION

## COUNT XIV

## 42 U.S.C. § 1983 - SYSTEMIC CLAIM AGAINST BOSSIER PARISH COMMUNITY COLLEGE AND DEFENDANT JIMMY STEWARD.

147.   Paragraphs 1- 147 are incorporated by reference as though fully set forth.

148.   Prior to July 23, 2023, the College, acting at the behest of and in close conjunction with the other Co-Defendants and Defendant Jimmy Steward, has developed and maintained policies and customs exhibiting deliberate indifference to Plaintiff. It was the policy and/or custom of Defendant Jimmy Steward to investigate inadequately and improperly and to punish inadequately those complaints that were substantiated. Instead, acts of brutality were tolerated by the city. Defendant Bossier Parish Community College and the Defendant Committee on Student Standards have substantially failed in their responsibilities to investigate misconduct and unlawful discipline transgressors that do not exist and never existed on Plaintiff.

A. Plaintiff demands Judgment by general compensatory damages in the amount of $100.000.00

B. Plaintiff demands Judgment by Punitive damages in the amount of $ $2.75 trillion. ($2,750,000,000,000.00)

C. Plaintiff requests a permanent injunction against the defendants who retaliated against Plaintiff.

**FOURTH CAUSE OF ACTION**

**VIOLATION OF DUE PROCESS BY ALL DEFENDANTS, AND THAT ALSO MEANS INCLUDING DEFENDANT JIMMY STWART**

Paragraphs 1- 147 are incorporated by reference as though fully set forth.

149. The Due Process Clause of the 14th Amendment to the U.S. Constitution provides in relevant part that "[n]o person shall be . . . deprived of life, liberty, or property, without due process of law."

150. The plaintiffs' and class members' interest in receiving a good education is a property right covered by the Due Process Clause of the 14th Amendment.

151. Defendant's practice of threatening to recoup, and of the right to a good education recouping, admit Plaintiff is irrational, arbitrary, capricious, and/or fails to apply ascertainable standards in a rational and consistent manner, in violation of Plaintiff John Doe's rights under the Due Process Clause of the Fifth Amendment, U.S. Const. Amend. XIV.

152. Plaintiffs and the class members have been harmed by this custom and practice and remain at risk of future harm if Defendant's unlawful practices are not enjoined.

A. Plaintiff demands Judgment by general compensatory damages in the amount of $100.000.00

B. Plaintiff demands Judgment by Punitive damages in the amount of $ $2.75 trillion. ($2,750,000,000,000.00)

C. Plaintiff requests a permanent injunction against the defendants who retaliated against Plaintiff.

### FIFTH CAUSE OF ACTION

### VIOLATION OF DUE PROCESS INADEQUATE NOTICE ABSOLUTELY NO NOTICE TO PLAINTIFF JOHN DOE BY THE DEFENDANTS, INCLUDING DEFENDANT JIMMY STWART

Paragraphs 1- 153 are incorporated by reference as though fully set forth.

153.  The Due Process Clause of the 14th Amendment to the U.S. Constitution provides in relevant part that "[n]o person shall be . . . deprived of life, liberty, or property, without due process of law."

154. The plaintiff's interest in receiving the right to a good education is a property right covered by the Due Process Clause of the 14th Amendment.

155. Defendants recklessly and intentionally never and refuse and knowingly not advance to Plaintiff John Doe are irrational, arbitrary, capricious, contrary to law or regulation, and/or fail to apply ascertainable standards in a rational and consistent manner, in violation of

Plaintiff and class members' rights under the Due Process Clause of the 14th Amendment, U.S. Const. Amend. XIV, in multiple ways, including, but not limited to, the right to be heard.

a. Failing to inform the Plaintiff, John Doe, of the no-fault presumption of the Plaintiff, "No notice of My right to redress the expelled for not signing a behavioral contract.

b. Failing to inform Plaintiff of the determination to expel Plaintiff without good conscience specific reasons.

C. Failing to inform Plaintiff, John Doe, of the behavioral Contract what the detail and specifics about it.

**SIXTH CAUSE OF ACTION**

E. **Plaintiff John Doe has been harmed by this custom and practice and remains at risk of future harm if Defendant's unlawful practices are not enjoined.**

Paragraphs 1- 156 are incorporated by reference as though fully set forth.

156. Plaintiff by Defendant's unlawful practices and custom is crippled, and he remains at high risk of future harm if Defendants' unlawful practices are not enjoined because the most recently, on August 8, 2023, at the time 9:10 AM. Plaintiff John Doe was served a citation for an alleged Louisiana Revised Statute 14 Section 285 violation. The citation needs to provide a clear explanation of the charges. I believe this citation is being used as an additional tactic of harassment and retaliation against me for pursuing my rights through the legal system by the So-called Bossier Parish Police Investigator and is intended to intimidate the Plaintiff if this not

stop by this Court other students and non-student will be effected with risks and future harm if Defendants unlawful practices are not enjoined and upon information and Nature belief, Defendant Jimmy Steward knew that the Bossier Police Detective or investigator was unknown John Doe. Plaintiff John Doe believes this citation is being used as an additional tactic of harassment and retaliation against me for pursuing my rights through the legal system and preventing Plaintiff from seeking legal redress from the Court pursuant to the First Amendment of the United States Constitution.

A. Plaintiff demands Judgment by general compensatory damages in the amount of $100.000.00

B. Plaintiff demands Judgment by Punitive damages in the amount of $ $2.75 trillion. ($2,750,000,000,000.00)

C. Plaintiff requests a permanent injunction against the defendants who retaliated against Plaintiff.

## 7TH CAUSE OF ACTION

### VIOLATION OF SUBSTANTIAL DUE PROCESS OF LAW CLAUSE

**F. VIOLATION OF DUE PROCESS CLAUSE- *DEFENDANTS JIMMY STEWARD OR JUSTIFY THAT SHOWS VIOLATIONS OF PLAINTIFF JOHN DOE SUBSTANTIAL OF DUE PROCESS.VIOLATIONS*.**

Paragraphs 1- 157 are incorporated by reference as though fully set forth.

157. On July 19, 2023, at 8:42 PM and 11:42 AM, it concluded that Plaintiff is guilty without a college hearing or a college trial.

Consequently, Defendant Jimmy Steward is liable under the substantial Due Process of law doctrine for his tortious actions.

A. Plaintiff demands Judgment by general compensatory damages in the amount of $100.000.00

B. Plaintiff demands Judgment by Punitive damages in the amount of $ 2.75 trillion. ($2,750,000,000,000.00)

C. Plaintiff requests a permanent injunction against the defendants who retaliated against Plaintiff.

# 8TH  CAUSE OF ACTION

## DECEIT-NEGLIGENT HUMILIATION OF THE PLAINTIFF

Paragraphs 1- 158. are incorporated by reference as though fully set forth.

158. The Defendant State Community College and individual Defendants

Dr. Rick Batman, John Doe, and/or Jane Doe as a student and the

Defendant Committee made false one representations/failures to

disclose set forth throughout this Complaint without any

reasonable basis to believe in the validity and legitimacy of the

extra-contractual facts and with sufficient information available

with ordinary and reasonable effort and inquiry to determine the

truth thereof to negligent and deceit to the humiliation the Plaintiff

that got him a ban from all society as a matter of fact.

A. Plaintiff demands Judgment by general compensatory damages in the amount of $80.000.00
B. Plaintiff demands Judgment by Punitive damages in the amount of $ $2.75 trillion.
C. Plaintiff requests a permanent injunction against the defendants who retaliated against Plaintiff.

159. Plaintiff was damaged by Defendant where Plaintiff cannot be engaged in the following sociality: 1) banks, 2) credit unions, and 3) coffee shops. Plaintiff John Doe could not apply for 4) Louisiana State University, 5) Northwestern University, 6) SUNY Sullivan (Sullivan County Community College), 7) Hotels, which he was banned based on the humiliation and negligent lies of the Defendants against the Plaintiff and the Plaintiff is damage. Plaintiff is entitled to punitive as a matter of law and by right. Plaintiff is entitled to General Compensatory Damages as a matter of law and by right.

160. Plaintiff was damaged further by Defendant where the Plaintiff is not able to be engaged in the following sociality: 8) **cars and cars deals,** which he was banned based on the humiliation and negligent lies of the Defendants against the Plaintiff and the Plaintiff is damage, and Plaintiff is entitled to punitive as a matter of law and by right.
A. Plaintiff demands Judgment by General compensatory damages of $90.000.00.
B. Plaintiff demands Judgment by Punitive damages in the amount of $2.75 trillion.
C. Plaintiff requests a permanent injunction against the defendants who retaliated against Plaintiff.

**9TH CAUSE OF ACTION**

**COUNT II**

**DECEIT-INTENTIONAL HUMILIATION OF THE PLAINTIFF**

Paragraphs 1- 161.  is incorporated by reference as though fully set forth.

161. The Defendant State Community College and individual

Defendants Dr. Rick Batman, John Doe, and/or Jane Doe as a

student and the Defendant Committee made false one

representations/failures to disclose set forth throughout this

Complaint without any reasonable bases to believe in the validity

and legitimacy of the extra-contractual facts and with sufficient

information available with ordinary and reasonable effort and

inquiry to determine the truth thereof to intentional and deceit to

the humiliation the Plaintiff that got him a ban from all society as a

matter of fact.

162. Plaintiff was damaged by Defendant where Plaintiff cannot be

engaged in the following sociality:  **1) banks, 2) credit unions,**

**and 3) coffee shops. Plaintiff John Doe could not apply for 4)**

**Louisiana State University, 5) Northwestern University, 6)**

**SUNY Sullivan (Sullivan County Community College), 7)**

**Hotels, which he was banned based on the humiliation and**

**intentional lies of the Defendants against the Plaintiff and the**

**Plaintiff is damage. The plaintiff is entitled to punitive as a matter**

**of law and by right.**

163. Plaintiff was damaged further by Defendant when Plaintiff was

not able to be engaged in the following sociality:  8) **cars deals,**

which he was banned based on the humiliation and intentional lies

of the Defendants against Plaintiff, and Plaintiff was damaged by

the Defendant, and Plaintiff is entitled to punitive as a matter of

law and by right.

A. Plaintiff demands Judgment by general compensatory damages in the
amount of $100.000.00
B. Plaintiff demands Judgment by Punitive damages in the amount of $ $2.75
trillion

C.  Plaintiff requests a permanent injunction against the defendants who
    retaliated against Plaintiff.

## TENTH CAUSE OF ACTION

## COUNT II

### MAKING AN INJURIOUS FALSE, MISLEADING, AND/OR
### FRAUDULENT STATEMENTS

Plaintiff re-alleges the previous paragraph from 1 to 167.

167. Plaintiff charges all Defendants have misrepresented orally by lying to the
Plaintiff John Doe was wrongly and unfairly accused, stating that Plaintiff John
Doe engaging sexual contact, as the Defendants orally misrepresented in order lied
about the Plaintiff was engaged in Sexual conduct on a laptop when the fact of the
matter **without evidence and or required proof from the Defendant John Doe or Defendant**

**Jane Doe and Defendants crippled Plaintiff John Doe without evidence and or required proof
from the Defendants that destroy the Plaintiff John Doe for the rest of his life.**

    D. Plaintiff demands Judgment by general compensatory damages in the
amount of$100.000.00

    E. Plaintiff demands Judgment by Punitive damages in the amount of
$10,000.000.000.00 (Ten Trillion)

    F. Plaintiff requests a permanent injunction against the defendants who
retaliated against Plaintiff.

.

## 11TH CAUSE OF ACTION
## (DECEIT-INTENTIONAL MISREPRESENTATION)

Plaintiff realleges and incorporates each allegation set 20 forth in Paragraphs I -60 above by
reference. 21-168.

    168. In the alternative, the conduct by Defendant Bossier Parish Community College,
as alleged above, constituted actionable 22 Deceit, Intentional Misrepresentation.

    169. As set forth in Paragraphs I through 32 and throughout 23 of this Complaint,
Defendant Student John Doe or Defendant Student Jane Doe's conduct concerning
lying on the Plaintiff John Doe viewing Sexual material 24 illegitimate invoices
constituted a knowing misrepresentation/concealment of facts with the 25 intents
to deceive.

    170. Plaintiff John Doe has also alleged facts to establish its justifiable reliance,
detriment, and 27 damages necessary to establish a prima facia case for Intentional
Misrepresentation.

171.    Paragraphs I - 42 above establish Plaintiff John Doe's right to punitive damages in $3,000.000.00 Damages.

    A.  Plaintiff demands Judgment by general compensatory damages in the amount of $100.000.00
    B.  Plaintiff demands Judgment by Punitive damages in the amount of $ $3,000.000.000.00 ($2.75 trillion)
    C.  Plaintiff requests a permanent injunction against the defendants who retaliated against Plaintiff.

# 12TH CAUSE OF ACTION

## COUNT IV
## (DECEIT-NEGLIGENT MISREPRESENTATION)

Plaintiff John Doe realleges and incorporates each allegation set 4 forth in Paragraphs 1 — 64, above by reference.

172.    In the alternative, Plaintiff John Doe or Jane Doe alleges that Defendant Bossier Parish Community College made false 6 representations/failures to disclose set forth throughout this Complaint without any reasonable bases to believe in the validity and legitimacy of the extra-contractual invoices and with sufficient information available with ordinary and reasonable effort and inquiry to determine the truth thereof. As incorporated above, Plaintiff John Doe has alleged enough

facts to set forth its ten justifiable reliance, detriment, and damages necessary to establish a prima facie case for Negligent Misrepresentations.

A.  Plaintiff demands Judgment by general compensatory damages in the amount of $300,000.00.

B.  Plaintiff demands Judgment by Punitive damages in the amount of $ $2.75 trillion.

C.  Plaintiff requests a permanent injunction against the defendants who retaliated against Plaintiff.

## 13TH  CAUSE OF ACTION

## COUNT IV

### *These acts of the Defendants resulted in damage to the Plaintiff, John Doe*.

#### COUNT TWO

#### SLANDER

- Defamation and Defamation per se; Civil Conspiracy -Slander (Plaintiff John Doe v. All Defendants)

169. All previous allegations in this complaint are incorporated as if fully set forth herein.

170. In repeatedly orally publishing false statements asserting or reasonably understood to be asserting that Plaintiff John Doe was studying the room when two women appeared; the first woman was a Caucasian woman, and the second woman was Ms. Crawford, and that Ms. Crawford informed Plaintiff John Doe that

he was accused by an unknown Complainant and Defendant Bossier Parish Community College, **Defendant Dr. Rick Batman is relevant to the school college of Bossier Parish Community College and did not produce any "collaborative evidence"** Orally false statement regarding Plaintiff John Doe was orally Slander against Plaintiff John Doe **Defendant Bossier Parish Community College, Defendant Dr. Rick Batman is relevant to the school college of Bossier Parish Community College, Defendant Jimmy Stewart,** Vice-Chancellor Karen Recchia, Defendant Vice Chancellor Teresa A. Jones, Ph. D, and Defendant Adrian Crawford the defendants published numerous defamatory statements **and without produce any "collaborative evidence**

350. The oral statements contained in the defendants' campaign of harassment and abuse constitute defamation per se. The harmful nature of the defamatory statements is self-evident. The defamatory statements implicate the Plaintiffs in heinous criminal conduct. False implications of criminal conduct represent classic defamation per se.

171.. The defendants' orally defamatory publications readily identified the plaintiffs to millions of people.

172. The defendants' defamatory publications were broadcast to millions of people.

173. The defendants' orally defamatory publications have injured the plaintiff John Doe's reputation and images and exposed them to public and private haired, contempt, and ridicule.

174. These false oral publications have caused Plaintiff John Doe actual and substantial damages.

175. Considering their prior experience with similar sorts of reckless and false statements, the defendants Knew that their publications could cause the plaintiffs to suffer harassment and potential violence.

176. Plaintiff John Doe is a private individual, neither a public official nor a public figure.

177. The Defendants (orally publish their outrageous, cruel, and malicious lies about the Plaintiffs, knowing that the statements were false or with reckless disregard as to whether they were true.

178. The defendants combined to conduct their campaign of harassment and abuse, which included numerous unlawful acts or lawful acts by unlawful means.

179. The Defendants combined to perform these unlawful acts pursuant to their scheme 0 harass and abuse Plaintiff John Doe and in furtherance of that scheme.

180. **All Defendants combined to perform these false and defamatory statements were published throughout New York State and Louisiana State and around the world on television, in newspapers and magazines, and on social media, and everybody believed the lies from the Defendants.**

These acts of the defendants resulted in damage to the plaintiff, John Doe.

A. Plaintiff demands Judgment by general compensatory damages in the amount of $100.000.00

B. Plaintiff demands Judgment by Punitive damages in the amount of $ $2.75 trillion. ($2,750,000,000,000.00)

C. Plaintiff requests a permanent injunction against the defendants who retaliated against Plaintiff.

D. Plaintiff demands a judgment that a sponge Plaintiff's expulsion from Bossier Parish Community College was executed without affording me the due process rights to which Plaintiff is entitled under the U.S. Constitution.

E. Order Bossier Parish Community College Defendants to retract his defamatory statement.

F. Plaintiff requests that the Court may grant declaratory relief and other necessary or proper relief pursuant to 28 U.S.C. §§ 2201 and 2202.

## FOURTEENTH CAUSE OF ACTION

## COUNT II

**LIBEL-WRITTEN EMAILS AND REGULAR LETTER FALES PUBLISHED FALSE STATEMENTS AGAINST PLAINTIFF JOHN DOE**

***Defamation-Libel statement on Defendant Jimmy Stewart on July 19, 2023, at the time of 8:42 PM***

180. Plaintiff John Doe incorporates paragraphs 1 through 120 by reference and re-alleges them as if set forth fully herein.

181. Defendant Jimmy Stewart's written email -published his October 12, 2022, statement containing numerous defamatory claims on the College campus, his supporters, and widespread statewide.

182. Plaintiff John Doe, whether on its face and/or by virtue of a clear implication affirmatively intended by Defendant Jimmy Stewart's

189. Defendant Jimmy Stewart's false statement in the written email regarding Plaintiff John Doe was libel-defamatory per se.

190.. Defendant Jimmy Stewart's false and defamatory statement was published throughout New York State and around the world on television, in newspapers and magazines, on social media, and elsewhere in print and on the internet. Defendant Jimmy Stewart ensured that his false and defamatory statement about Carroll would receive wide circulation by providing it to the national press.

191. Defendant Jimmy Stewart made his false and defamatory statement knowing that it was false or with reckless disregard for its truth or falsity.

192. These written publications were not only individually defamatory but part of a continuous campaign of statements, starting on February 23, 2023, and continuing through at least August 18, 2023, stating, asserting, implying, and suggesting that Plaintiff John Doe by Defendant Jimmy Stewart and/or are actor lying about Plaintiff John Doe "Good evening, Gilbert; a situation has been brought to my attention Employees of Bossier Parish Community College have found your actions/behavior alarming to the degree that they feel harassed and unsafe. Bossier Parish Community College is committed to a safe campus. This includes not only students but also faculty and staff. Gilbert, if you continue to harass employees verbally or via email, your attendance at Bossier Parish Community College may be in jeopardy. If you have any questions, please contact me at the campus police office.  Any questions you may have need to be directed to my office.

193. Defendant Jimmy Stewart's false and defamatory statements were published throughout New York State and Louisiana State and around the world on television, in newspapers and magazines, and on social media; everybody believed the lies from the Defendants, and people believe this… .

194. His (Defendant Jimmy Stewart) statement identified—and was "of or concerning"— Good evening, Gilbert; a situation has been brought to my attention Employees of Bossier Parish Community College have found your actions/behavior alarming to the degree that they feel harassed and unsafe. Bossier Parish Community College is committed to a safe campus. This includes not only students but also faculty and staff. Gilbert, if you continue to harass employees verbally or via email, your attendance at Bossier Parish Community College may be in jeopardy, and for the fact of that matter:

A.   No collaborative evidence if, yes, Plaintiff John Doe was framed, or the Defendant rigged it against Plaintiff John Doe.
B.   No audio evidence or no audio surveillance recording
C.   No Pictures
D.   No Video evidence or no video surveillance
E.   The Plaintiff does not know who the complainant is.

F.  Where is the conduct instrument of the alleged facts of Plaintiff John Doe's alleged facts behavior conduct Contracted?

G.  Plaintiff did not receive prior notification to meet with anyone, and is Defendant Jimmy Stewart's or any Defendants regarding February 23, 2023? Is the Defendant, Jimmy Stewart, and Co-Defendants burden of proof because there are Complainants in the matter make false statements?

H.  Where is the evidence of Defendant Jimmy Stewart and Co-Defendants ' misconduct accusations by Jimmy Stewart and Co-Defendants?

I.  Upon information and natural belief that Plaintiff John Doe is legally black male by Defendant Jimmy Stewart and Co-Defendants is a federal crime against Defendant Jimmy Stewart and Co-Defendants.

J.  Defendant Jimmy Stewart and Co-Defendants refused to email Plaintiff and emailed me a genuine certified of the behavior conduct contract Plaintiff John Doe.

K.  Consequently, Defendant Jimmy Steward is liable under the doctrine of libel for his tortious actions.

194. Defendant Jimmy Stewart made his false statement with ill will and spite and with wanton, reckless, or willful disregard for its injurious effects on Plaintiff John Doe's rights.

195.  Defendant Jimmy Stewart's false and defamatory statement caused Plaintiff John Doe to suffer reputational, emotional, and professional harm.

A. Plaintiff demands Judgment by general compensatory damages in the amount of $100.000.00

B. Plaintiff demands Judgment by Punitive damages in the amount of $ $2.75 trillion. ($2,750,000,000,000.00)

C. Plaintiff requests a permanent injunction against the defendants who retaliated against Plaintiff.

## FIFTEENTH CAUSE OF ACTION

## COUNT II

### Defamation

**LIBEL-WRITTEN EMAILS AND REGULAR LETTER FALES PUBLISHED FALSE STATEMENTS AGAINST PLAINTIFF JOHN DOE**

#### Defamation-Libel statement on Defendant Vice-Chancellor Karen Recchia

196. Plaintiff John Doe incorporates paragraphs 1 through 120 by reference and re-alleges them as if set forth fully herein.

197. Defendant Vice-Chancellor Karen Recchia published his October 12, 2022, statement containing numerous defamatory claims on Truth Social to members of the media and to his supporters. 129. His statement identified—and was "of or concerning"—Plaintiff John Doe.

198. Her statement contained numerous falsehoods about  Plaintiff John Doe, whether on its face and/or by virtue of a clear implication affirmatively intended by Trump. 131. Trump's false statement regarding Carroll was defamatory per se.

199.  **Defendant Vice-Chancellor Karen Recchia's** false and defamatory statements were published throughout New York State and around the world on television, in newspapers and magazines, on social media, and elsewhere in print and on the internet.

200. Defendant Vice-Chancellor Karen Recchia ensured that his false and defamatory statement about Plaintiff John Doe would receive wide circulation by providing it to the national press.

201. Defendant Vice-Chancellor Karen Recchia made his false and defamatory statement knowing that it was false or with reckless disregard for its truth or falsity.

202. Consequently, Defendant Vice-Chancellor Karen Recchia is liable under the doctrine of libel for his tortious actions.

203. Defendant Vice-Chancellor Karen Recchia made her false statement with ill will and spite and with wanton, reckless, or willful disregard for its injurious effects on Plaintiff's rights.

204. Defendant Vice-Chancellor Karen Recchia**'s false and defamatory statements were published throughout New York State and Louisiana State and around the world on television, in newspapers and magazines, and on social media; everybody believed the lies from the Defendants, and people believed this lie.**

204. Defendant Vice-Chancellor Karen Recchia's false and defamatory statement caused Plaintiff John Doe to suffer reputational, emotional, and professional harm.

> A. Plaintiff demands Judgment by general compensatory damages in the amount of $100.000.00
> B. Plaintiff demands Judgment by Punitive damages in the amount of $ $2.75 trillion. ($2,750,000,000,000.00)

C. Plaintiff requests a permanent injunction against the defendants who retaliated against Plaintiff.

## SIXTHEETH CAUSES OF ACTION

## COUNT II

### Defamation

**LIBEL-WRITTEN EMAILS AND REGULAR LETTER FALES PUBLISHED FALSE STATEMENTS AGAINST PLAINTIFF JOHN DOE**

***Defamation-Libel statement on Defendant Vice Chancellor Teresa A. Jones, Ph. D, and Defendant Adrian Crawford***

205. Plaintiff John Doe incorporates paragraphs **1 through 120** by reference and re-alleges them as if set forth fully herein.

206. Defendant Vice Chancellor Teresa A. Jones, Ph. D., and Defendant Adrian Crawford published their Social Media statement containing numerous defamatory claims on Social to media members and his supporters.


207. There, the statement identified—and was "of or concerning.":

A. "Per Bossier Parish Community College Student Code of Conduct, harassment, including sexual harassment, is prohibited by the Equal Employment Opportunity Commission, the Office for Civil Rights, and state regulations (R.S. 23:301,312,332). Therefore, the policy of the Louisiana Community and Technical College System Board of Supervisors and Bossier Parish Community College is that unlawful harassment of employees and **students** is prohibited.  Harassment is physical, verbal, and visual conduct that creates an intimidating, offensive, or hostile environment that interferes with work/academic performance. This includes harassment because of race, sex, sexual orientation, religious creed, color, national origin, ancestry, disability or medical condition, age, or any other basis protected by federal, state, or local law, ordinance, or regulation."

B. Workplace/academic harassment infringes on employees/students' rights to a comfortable work/academic environment, and it is a form of misconduct that undermines the integrity of the employment/academic relationship. No employee/student, male or female, should be subjected to unsolicited and unwelcome overtures or conduct, either verbally, visually, physically, or electronically transmitted. Although this list is not all-inclusive, examples of conduct that is prohibited include:
- 
- C. Display of sexually suggestive pictures, objects

  D. Multiple emails were sent to you regarding your misconduct.

  Defendant Vice Chancellor Teresa A. Jones, Ph. D, and Defendant Adrian Crawford" admits in writing  they have no evidence as a matter of fact on Saturday, July 29th, 2023 at 9:46 AM, ... wrote: "There are no other related records."


208. Defendant Vice Chancellor Teresa A. Jones, Ph. D., and Defendant Adrian Crawford's false and defamatory statement were published throughout College Campus, Louisiana State, and around the world on television, in newspapers and magazines, on social media, and elsewhere in print and on the internet and **upon information and belief** Defendant Vice Chancellor Teresa A. Jones, Ph. D., and Defendant Adrian Crawford's **false and defamatory statement were published throughout college newspapers.**

209. Their statements contained numerous falsehoods about Plaintiff John Doe, whether on its face and/or by virtue of a clear implication affirmatively intended by Defendant Vice Chancellor Teresa A. Jones, Ph. D., and Defendant Adrian Crawford to have people believe the lie against me.


210. Defendant Vice Chancellor Teresa A. Jones, Ph. D., and Defendant Adrian Crawford's false statement regarding Plaintiff John Doe was defamatory per se.

211. Defendant Vice Chancellor Teresa A. Jones, Ph. D., and Defendant Adrian Crawford's false ensured that his false and defamatory statement about Plaintiff John Doe would receive wide circulation by providing it to the national press.

212. Defendant Vice Chancellor Teresa A. Jones, Ph. D., and Defendant Adrian Crawford made his false and defamatory statement, knowing that it was false or with reckless disregard for its truth or falsity.

213.  Defendant Vice Chancellor Teresa A. Jones, Ph. D., and Defendant Adrian Crawford made his false statement with ill will and spite and with wanton, reckless, or willful disregard for its injurious effects on Plaintiff's rights.

214. Consequently, Defendant Vice-Chancellor Karen Recchia is liable under the doctrine of libel for his tortious actions.

215. Defendant Vice Chancellor Teresa A. Jones, Ph. D., and Defendant Adrian Crawford's **false and defamatory statements were published throughout New York State and Louisiana State and around the world on television, in newspapers and magazines, and on social media; everybody believed the lies from the Defendants, and people believed this lie.**

216.  Defendant Vice Chancellor Teresa A. Jones, Ph. D., and Defendant Adrian Crawford's false and defamatory statement caused Plaintiff John Doe to suffer reputational, emotional, and professional harm.

A. Plaintiff demands Judgment by general compensatory damages in the amount of $100.000.00
B. Plaintiff demands Judgment by Punitive damages in the amount of $ $2.75 trillion.
($2,750,000,000,000.00)

C. Plaintiff requests a permanent injunction against the defendants who retaliated against Plaintiff.

`

## SEVENTH CAUSE OF ACTION
## COUNT VIII

## PENDANT CLAIM OF PRIMA FACIE TORT

**Plaintiff re-alleges the foregoing paragraphs as if they were fully incorporated herein their entirety.**

216. By their actions, as set forth above, **Defendant Bossier Parish Community College, Defendant Dr. Rick Batman, Defendant Committee on Student on Standards, Defendant John Doe as a student, and/or Defendant Jane Doe as a student, at all relevant times, inflicted harm upon Plaintiff John Doe without excuse without proof, without justification to destroy the Plaintiff John Doe without fact evidence but they believe on hearsay by Defendant Student John Doe and/or Defendant Student Jane Doe and** Defendant Jimmy Stewart, Defendant Vice-Chancellor Karen Recchia's Defendant Vice Chancellor Teresa A. Jones, Ph. D, and Defendant Adrian Crawford **out of disinterested malevolence lying and embarrassed or Humiliation, and the defendants must be harshly punished. The Plaintiff has proof on its face.**

A. Plaintiff demands Judgment by general compensatory damages in the amount of $100.000.00

B. Plaintiff demands Judgment by Punitive damages in the amount of $ 2.75 trillion. ($2,750,000,000,000.00)

C. Plaintiff requests a permanent injunction against the defendants who retaliated against Plaintiff.

**PRAYER FOR RELIEF**

**WHEREFORE,** Plaintiff respectfully requests that a judgment and order be issued:

A. Permanently enjoining Defendants, their employees, agents, successors, heirs, and assigns, directly or indirectly, from engaging in the misrepresentation, expelling the Plaintiff or retail against the Plaintiff because he filed a lawsuit against the College and illegal practices alleged therein.

B. permanently enjoined Defendants from sabotaging Plaintiff's Financial Aid because he filed a lawsuit against Plaintiff John Doe, which is retailing Plaintiff Pro Se.

C. Permanently enjoining Defendants Students John Doe and Jane Doe putting or reporting on social media from engaging in the unauthorized practice of the law; D. Directing Defendants to provide an

D. Permanently enjoining Defendants Bossier Parish Community and Dr. Rick Batman by putting or reporting on social media from engaging in the unauthorized practice of the misrepresentation, expelling the Plaintiff.

E. Directing Defendants to pay Punitive and compensatory damages to the Plaintiff harmed by their illegal conduct.

F. Directing Defendants to pay back the $400.00 filing fees for the Summons and Complaint and $200 motion fees for each motion to be in this Court, which is an additional $400 or $200 more against the Defendants.

G. **The Plaintiff demands judgment against the Defendants in the sum of Punitive and General Compensatory damages, plus 50 percent interest from June 15, 2023, costs disbursements, together with any other relief the Court finds to and proper.**

H.  **Order All Defendants to retract their defamatory.**

I.   Award Plaintiff John Doe compensatory damages in an amount to be determined at trial; iii. Iii.

J.   Award John Doe **punitive** and **exemplary damages** in an amount to be determined at trial; and iv.

K.  Award Plaintiff John Doe pre-and post-judgment interest, costs, and other and further relief as this Court may deem proper.

L.   A declaratory judgment that all Defendants willfully violated Plaintiff's rights as alleged herein.

M.  Injunctive relief may be appropriate to prevent any future violations of federal law and state law.

N.  and any such further relief as this Court deems appropriate, including costs pursuant to 42 U.S.C. § 1988.

**JURY DEMAND**

1.   Plaintiff John Doe hereby demands a trial by jury on all issues so triable.

2.   Plaintiff demands a jury of his peers by the right of 9 people as a constitutional right.

Dated: August 17, 2023
Bossier City, Louisiana

Respectfully Submitted,

**/s/: John Doe**

JOHN DOE
PLAINTIFF PRO SE
By: John Doe
Plaintiff Pro Se
Mail to:
John Doe
Plaintiff Pro Se
c/o:
Carlos E. Elias, BS/MT
P.O. Box 546
Gracie Station
New York, New York 10028
Ph: 1-318-423-8049
**gl.law71111@proton.me**

**EXHIBIT A**- Appointment Document for On April 24, 2023, at 2:15 PM, Dr. Woe, psychiatric medication of Prozac, Plaintiff John Doe, based on the depression and the mental anguish from the Defendants 'conduct, and he entitled to General Compensatory Damages





MRN:14546940

Gilbert Lau

111

This is a reminder about your upcoming scheduled appointment with Natalie Wu, MD:

**Wednesday Iay 31, 2023 at 3:00 PM**
**ArrivaTime:  2:45 PM**
**Ochsner LSU Heah - Shreveport, Psychiatry**
**1606 Kings Highwa\ Shreveport, LA 71103-4128**
**nd Floor**

To reschedule or cancel, call 318-626-2445.?lease make changes as soon as possible so that this appointment time can be offered to othe atients.

**Below are special instructions fo your ap intment:** Please arrive approximately 15 minutes before your scheduled appointment ti  and ensure that you have a valid government issued ID and your insurance card. ePre-Che(s available and completion prior to your arrival will assist with a quicker registration process.


Thank you for choosing Ochsner LSU Health. Vook forward to seeing you soon.

Create a **MyChart** account to manage your ronal health record! **MyChart** allows secure online ass to:

- Schedule and manag appointments
- *ePre-Check* for upcor appointments
- Communicate secure th your care team
- View your health sum y and test results
- Pay and manage billi  formation

Download the free MyChart app o  visit www.r hsner.org/LSUHealth to get started today!

IV. **Importance of Knowing the Alleged Violation**:

6. The ability to know and understand the nature of the alleged violation is essential to prepare a proper defense. Without this crucial information, the Accused is unable to gather evidence, locate witnesses, or consult legal counsel effectively. Furthermore, the denial of this information deprives the Accused of a fair opportunity to challenge the veracity of the claims made against them.

V. **Expulsion and Lawsuit**:

7. On **July 26, 2023**, I was inexplicably expelled from Defendant Bossier Community College. The reasons for my expulsion were not provided to me, leaving me bewildered and without an opportunity to respond or defend myself. This lack of information and the absence of due process has violated my rights to fairness, transparency, and a proper opportunity to present my side of the story.

VI. **Violation of Due Process**:

8. The expulsion from Defendant Bossier Community College was executed without affording me the due process rights to which I am entitled. My right to be informed of the allegations against me, to be provided with an opportunity to be heard, and to defend myself through a fair and impartial process were disregarded. The absence of due process undermined my rights and contributed to the uncertainty and distress surrounding my expulsion.

VII. **Continued Harassment**:

9. Following the initiation of the legal proceedings, I have experienced continued harassment and hostile treatment from Defendant Bossier Community College. The acts of harassment have manifested in various ways, including but not limited to unwarranted communication, intimidation, and emotional distress. It is evident that these actions are aimed at coercing me and obstructing the progress of the lawsuit I have filed against Defendant, Bossier Community College.

**EXHIBIT B-Mr. Jimmy Stewart, the Chief of Campus Police, made an appointment card stating Plaintiff John Doe must be there on June 19, 2023, in Room A 222 at 9:30 AM**

 **Gmail**                                    Gilbert Lau <gilbertlau3@gmail.com>

## Meeting
2 messages

**Jimmy Stewart** <jlstewart@bpcc.edu>                    Thu, Jun 15, 2023 at 10:11 AM
To: "gilbertlau3@gmail.com" <gilbertlau3@gmail.com>, gilbertlau <gilbertlau@student.bpcc.edu>
Cc: Karen Recchia <krecchia@bpcc.edu>

Good morning, Gilbert, please allow me to introduce myself. I am Jimmy Stewart, Chief of Campus Police. Vice Chancellor Karen Recchia and I need to meet with you Monday, June 19, 2023, at 0930 hours. This meeting will be in A 222. This is located on the second floor of A building. This meeting is in reference to a complaint received regarding you. This meeting is mandatory, and your presence is required. If you have any questions, please contact me at 318-678-6195. Do not contact any faculty or staff about this. Your point of contact regarding any questions is the office of campus police.

Respectfully,

Jimmy Stewart

Chief of Campus Police

Bossier Parish Community College

318-678-6195 Office

---

**gilbertlau** <gilbertlau@student.bpcc.edu>                    Sat, Jun 17, 2023 at 1:43 PM
To: "gl.law71111@proton.me" <gl.law71111@proton.me>
Cc: "gl0016@sunysullivan.edu" <gl0016@sunysullivan.edu>

---

**From:** Jimmy Stewart <jlstewart@bpcc.edu>
**Sent:** Thursday, June 15, 2023 10:11 AM
**To:** 'gilbertlau3@gmail.com' <gilbertlau3@gmail.com>; gilbertlau <gilbertlau@student.bpcc.edu>
**Cc:** Karen Recchia <krecchia@bpcc.edu>
**Subject:** Meeting

[Quoted text hidden]

18/23, 8:29 AM                                    Gmail - Meeting

 **Gmail**                                   Gilbert Lau <gilbertlau3@gmail.com>

## Meeting
2 messages

**Jimmy Stewart** <jlstewart@bpcc.edu>                    Thu, Jun 15, 2023 at 10:11 AM
To: "gilbertlau3@gmail.com" <gilbertlau3@gmail.com>, gilbertlau <gilbertlau@student.bpcc.edu>
Cc: Karen Recchia <krecchia@bpcc.edu>

Good morning, Gilbert, please allow me to introduce myself. I am Jimmy Stewart, Chief of Campus Police. Vice
Chancellor Karen Recchia and I need to meet with you Monday, June 19, 2023, at 0930 hours. This meeting will be in A
222. This is located on the second floor of A building. This meeting is in reference to a complaint received regarding you.
This meeting is mandatory, and your presence is required. If you have any questions, please contact me at 318-678-
6195. Do not contact any faculty or staff about this. Your point of contact regarding any questions is the office of campus
police.

Respectfully,

Jimmy Stewart

Chief of Campus Police

Bossier Parish Community College

318-678-6195 Office

---

**gilbertlau** <gilbertlau@student.bpcc.edu>                    Sat, Jun 17, 2023 at 1:43 PM
To: "gl.law71111@proton.me" <gl.law71111@proton.me>
Cc: "gl0018@sunysullivan.edu" <gl0018@sunysullivan.edu>

**From:** Jimmy Stewart <jlstewart@bpcc.edu>
**Sent:** Thursday, June 15, 2023 10:11 AM
**To:** 'gilbertlau3@gmail.com' <gilbertlau3@gmail.com>; gilbertlau <gilbertlau@student.bpcc.edu>
**Cc:** Karen Recchia <krecchia@bpcc.edu>
**Subject:** Meeting

[Quoted text hidden]

**EXHIBIT C**- Defendant Vice Chancellor Teresa A. Jones, Ph. D, stated she had emailed Plaintiff John Doe and stated that she has no evidence that there is no official behavioral conduct contract.

8/22/23, 4:44 PM                                    Gmail - Fw: Bossier Parish Community College

 Gmail                                                       Gilbert Lau <gilbertlau3@gmail.com>

## Fw: Bossier Parish Community College
3 messages

**gilbertlau** <gilbertlau@student.bpcc.edu>                                    Wed, Jul 26, 2023 at 6:23 PM
To: "gilbertlau3@gmail.com" <gilbertlau3@gmail.com>

---

**From:** Teresa Jones <tjones@bpcc.edu>
**Sent:** Wednesday, July 26, 2023 2:47 PM
**To:** gilbertlau <gilbertlau@student.bpcc.edu>; 'gl.law71111@proton.me' <gl.law71111@proton.me>
**Subject:** Bossier Parish Community College

Mr. Lau,

Please see the attached memo regarding your enrollment status at Bossier Parish Community College. You must follow the Readmission Procedure for Involuntary Removals to be considered for readmission for the spring 2024 semester. The link to the readmission procedure is included in the attached letter.

Please email me at tjones@bpcc.edu with any questions you have regarding this action.

Best regards,

**Teresa A. Jones, Ph.D.**

Vce Chancellor for Enrollment Management and

Student Services

Bossier Parish Community College

tjones@bpcc.edu

Office: 318-678-6349

 BOSSIER PARISH COMMUNITY COLLEGE

 **Lau, Gilbert.pdf**
60K

---

**Gilbert Lau** <gilbertlau3@gmail.com>                                         Wed, Jul 26, 2023 at 6:26 PM

8/22/23, 4:44 PM                                     Gmail - Fw: Bossier Parish Community College

To: "Posr A. Posr" <posrposr@gmail.com>

[Quoted text hidden]

📄 **Lau, Gilbert.pdf**
60K

---

gl.law71111 <gl.law71111@proton.me>                 Tue, Aug 22, 2023 at 4:40 PM
To: Scott Sternberg <scott@snw.law>

Dear Mr. Scott Sternberg:
Please see further email by the State College.

My request under pursuant to FIRTH Amended OFFICAL-LEGAL NOTICE-Louisiana Public Records Act § 44:1 et seq.,
Freedom of Information Law under my rigt to the law.

Sincerely
Gilbert Lau

Sent with Proton Mail secure email.

―――― Forwarded Message ――――
From: Teresa Jones <tjones@bpcc.edu>
Date: On Saturday, July 29th, 2023 at 9:46 AM
Subject: RE: Bossier Parish Community College
To: gl.law71111 <gl.law71111@proton.me>
CC: Jimmy Stewart <jistewart@bpcc.edu>, Karen Recchia <krecchia@bpcc.edu>

Mr. Lau:

In response to your Freedom of Information Law Demand, please see information provided
below:

*I demand a record of the demonstration of how Thresa Jones, as Vice Chancellor and
Dean of Academic Student Success, commented on the act of harassment that was
alleged in Thresa Jones, as Vice Chancellor and Dean of Academic Student Success.*

Per Bossier Parish Community College Student Code of Conduct, harassment, including sexual
harassment, is prohibited by the Equal Employment Opportunity Commission, the Office for
Civil Rights, and state regulations (R.S.23:301,312,332), and therefore, it is the policy of the
Louisiana Community and Technical College System Board of Supervisors and Bossier Parish
Community College that unlawful harassment of employees and **students** is
prohibited.  Harassment is physical, verbal, and visual conduct that creates an intimidating,
offensive, or hostile environment, which interferes with work/academic performance. This
includes harassment because of race, sex, sexual orientation, religious creed, color, national
origin, ancestry, disability or medical condition, age, or any other basis protected by federal,
state or local law, ordinance or regulation.

Workplace/academic harassment infringes on employees/student's rights to a comfortable
work/academic environment, and it is a form of misconduct that undermines the integrity of the
employment/academic relationship. No employee/student, male or female, should be subjected
to unsolicited and unwelcome overtures or conduct, either verbally, visually, physically, or
electronically transmitted. Although this list is not all-inclusive, examples of conduct that is
prohibited include:

- Display of sexually suggestive pictures, objects

Multiple emails were sent to you regarding your misconduct. There are no other related records.

*2. I demand a record that demonstrates how the Chief of Police, (Chief of Security) Jimmy Steward determined that I commented on an act of harassment that Jimmy Steward Chief of Police,(Chief of Security) alleged in his email at my private email and college email address of July 19, 2023.*

Per Bossier Parish Community College Student Code of Conduct, harassment, including sexual harassment, is prohibited by the Equal Employment Opportunity Commission, the Office for Civil Rights, and state regulations (R.S.23:301,312,332), and therefore, it is the policy of the Louisiana Community and Technical College System Board of Supervisors and Bossier Parish Community College that unlawful harassment of employees and students is prohibited. Harassment is physical, verbal, and visual conduct that creates an intimidating, offensive, or hostile environment, which interferes with work/academic performance. This includes harassment because of race, sex, sexual orientation, religious creed, color, national origin, ancestry, disability or medical condition, age, or any other basis protected by federal, state or local law, ordinance or regulation.

Workplace/academic harassment infringes on employees/student's rights to a comfortable work/academic environment, and it is a form of misconduct that undermines the integrity of the employment/academic relationship. No employee/student, male or female, should be subjected to unsolicited and unwelcome overtures or conduct, either verbally, visually, physically, or electronically transmitted. Although this list is not all-inclusive, examples of conduct that is prohibited include: Display of sexually suggestive pictures, objects

You were notified via email of your misconduct. There are no other related records.

*3. I demand a record that I demand a record of the authority of Thresa Jones, as Vice Chancellor and Dean of Academic Student Success, Vice Chancellor Karen Recchia, and Jimmy Stewart, Chief of Campus Police, to be expelled for not signing a "Quip Pro Quo" signing a behavioral contract.*

The Code of Student Conduct is promulgated by the Office of the Vice Chancellor for Enrollment Management and Student Services under the power and authority delegated by the Board of Louisiana Community and Technical College Supervisors and through the Chancellor of the College. The Chancellor has delegated the Vice Chancellor for Enrollment Management and Student Services and the Vice Chancellor for Academic Affairs as the agencies responsible for the administration of discipline at Bossier Parish Community College. As Vice Chancellor for Enrollment Management and Student Services, I am responsible and have been authorized to administer student discipline.

You failed to sign the contract as requested.. As such, an executed contract is not available. However, a copy of the Conduct Contract template is provided. There are no other related records related to this request.

Please know that further communications will be considered a violation of Code of Conduct 1.6 (cyber stalking) and may result in further disciplinary action. As stated in my letter dated July 26, 2023, you must follow the Readmission Procedure for Involuntary Removals to be

considered for readmission for the spring 2024 semester.  The link to the readmission
procedure is included in the July 26, 2023 letter.


Best regards,

**Teresa A. Jones, Ph.D.**
**Vice Chancellor for Enrollment Management and**
**Student Services**
**Bossier Parish Community College**
tjones@bpcc.edu
Office:  318-678-6349



**From:** gl.law71111 <gl.law71111@proton.me>
**Sent:** Thursday, July 27, 2023 2:24 PM
**To:** Teresa Jones <tjones@bpcc.edu>
**Cc:** Jimmy Stewart <jlstewart@bpcc.edu>; Karen Recchia <krecchia@bpcc.edu>
**Subject:** Re: Bossier Parish Community College

**EXTERNAL EMAIL (not from an @bpcc.edu address):** Do not click any links, open any
attachments, or reply unless you trust the sender and know the content is safe. If you are unsure
or have questions please contact Computer Services.


Dear Thresa Jones:

Please see attached; you will receive it by mail soon.


Regards:


Gilbert Lau


Sent with Proton Mail secure email.

------- Original Message -------
On Wednesday, July 26th, 2023 at 2:47 PM, Teresa Jones <tjones@bpcc.edu> wrote:


[Quoted text hidden]

**EXHIBIT D-Affidavit in Support of the Amended Complaint duly sworn by Plaintiff John Doe with Three supporting witnesses for Plaintiff Doe.**

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------X

JOHN DOE,

                Plaintiff                                                    **AFFIDAVIT IN SUPPORT
                                                                    OF THE COMPLAINT**

                                                                    Docket No:


             He is commencing a sealed case on his behalf of himself.

     -against-

  BOSSIER PARISH COMMUNITY COLLEGE,
CHANCELLOR DR. RICK BATEMAN OF BOSSIER PARISH COMMUNITY COLLEGE
VICE CHANCELLOR KAREN RECCHIA OF BOSSIER PARISH COMMUNITY COLLEGE
ADRIAN CRAWFORD, as Dean of Learn Resources
THERESA JONES, as Vice Chancellor and Dean of Academic Student Success
COMMITTEE ON STUDENT STANDARDS
JOHN DOE OR JANE DOE as Students at Bossier Parish Community College
JIMMY STEWART, CHIEF OF CAMPUS POLICE
KAREN RECCHIA, VICE CHANCELLOR
TERESA A. JONES, PH. D, VICE CHANCELLOR, AND THE DEAN OF ACADEMIC SUCCESS OF THE
SCHOOL COLLEGE OF BOSSIER PARISH COMMUNITY COLLEGE
ADRIAN CRAWFORD, DEAN OF THE LEARN RESOURCES OF BOSSIER PARISH COMMUNITY
COLLEGE

        Defendants

------------------------------------------------------------------X

## <u>Affidavit in Support of Right to Confrontation and Due Process Rights</u>


**STATE OF LOUISANA**      )
                               ):
**COUNTY OF BOSSIER PARISH**  )

1

I, **GILBERT LAU, and I, also known as Mr. Plaintiff John Doe, as in the above case**], hereby declare under penalty of perjury that the following statements are true and accurate to the best of my knowledge:

1. My real name is Gilbert Lau, and as actual name is also **known as Mr. Plaintiff John Doe, as in the above case, and is for my protection, as stated before in below:**

2. My real name is Gilbert Lau. I am known as Plaintiff John Doe in this Federal Court sealed lawsuit case for the diversity of citizenship case against Defendant Bossier Parish Community College and others and my a resident and domiciliary of the State of New York.

3. I am just attending school here in Bossier City, Louisiana, but I am mainly a true resident and domiciliary of the State of New York.

4. My affidavit is Notarized here in Bossier City, Louisiana, because I am only here temporarily in the State of Louisiana, and this is not my district state. Still, my primary state or true residence and domiciliary is the State of New York.

## I. **Introduction**:

4. I am providing this affidavit in support of Plaintiff John Doe, hereinafter referred to as "the Accused." The Accused is facing an unknown violation and has not been informed about the nature of the alleged offense or the charges brought against them. This situation has led to a denial of the Accused's constitutional rights under the Confrontation Clause and the Sixth Amendment of the United States Constitution.

5. I am submitting this affidavit to provide a factual account of the events that have transpired concerning my expulsion from [School Name], my subsequent legal actions, the recent citation I received for Louisiana Revised Statute 14 Section 285, and the alleged violations of my rights to free speech and color of law as defined under 42 USC §§ 1983. I believe these actions are motivated by retaliation and harassment due to my decision to file a lawsuit against Defendant, Bossier Community College. I may further anticipate the need for legal action to address ongoing harassment.

II. **The Confrontation Clause and the Sixth Amendment**:

6. The Confrontation Clause, as enshrined in the Sixth Amendment of the United States Constitution, states: "In all criminal prosecutions, the accused shall enjoy the right...to be confronted with the witnesses against him." The primary purpose of this Clause is to grant the Accused the right to confront and cross-examine the witnesses who are making accusations against them during a trial or any other legal proceeding.

III. **Denial of Due Process Rights**:

7. The current situation, where the Accused is not informed about the alleged violation, denies the Accused their right to confront their accuser and violates their due process rights. Depriving the Accused of the opportunity to know the charges and evidence against them significantly hinders their ability to mount an effective defense. It challenges the fairness and integrity of any potential proceedings.

IV. **Importance of Knowing the Alleged Violation**:

8. The ability to know and understand the nature of the alleged violation is essential to prepare a proper defense. Without this crucial information, the Accused is unable to gather evidence, locate witnesses, or consult legal counsel effectively. Furthermore, the denial of this information deprives the Accused of a fair opportunity to challenge the veracity of the claims made against them.

V. **Expulsion and Lawsuit**:

9. On **July 26, 2023**, I was inexplicably expelled from Defendant Bossier Community College. The reasons for my expulsion were not provided to me, leaving me bewildered and without an opportunity to respond or defend myself. This lack of information and the absence of due process has violated my rights to fairness, transparency, and a proper opportunity to present my side of the story.

## VI. **Violation of Due Process**:

10. The expulsion from Defendant Bossier Community College was executed without affording me the due process rights to which I am entitled. My right to be informed of the allegations against me, to be provided with an opportunity to be heard, and to defend myself through a fair and impartial process were disregarded. The absence of due process undermined my rights and contributed to the uncertainty and distress surrounding my expulsion.

## VII. **Continued Harassment**:

11. Following the initiation of the legal proceedings, I have experienced continued harassment and hostile treatment from Defendant Bossier Community College. The acts of harassment have manifested in various ways, including but not limited to unwarranted communication, intimidation, and emotional distress. It is evident that these actions are aimed at coercing me and obstructing the progress of the lawsuit I have filed against Defendant, Bossier Community College.

## VIII. **Request for Immediate Redress**:

12. I respectfully request that the relevant authorities rectify this situation promptly and provide the Accused with detailed information regarding the alleged violation. This information must include a clear and specific explanation of the charges, the evidence against the Accused, and the identities of any witnesses who may testify. Furthermore, Plaintiff John Doe did not provide him with a written right to redress.

## IX. **Continued Harassment**:

13. Following the initiation of the legal proceedings, I have experienced continued harassment and hostile treatment from Defendant Bossier Parsh Community College. The acts of harassment have manifested in various ways, including but not limited to unwarranted communication, intimidation, and emotional distress. These actions are aimed at coercing me and obstructing the progress of the lawsuit I have filed against Defendant Bossier Parsh Community College.

**Citation for Louisiana Revised Statute 14 Section 285**:

14. Most recently, on **August 8, 2023, at the time 9:10 AM**. I was served with a citation for an alleged violation of Louisiana Revised Statute 14 Section 285. The citation fails to provide a clear explanation of the charges, and I believe this citation is being used as an additional tactic of harassment and retaliation against me for pursuing my rights through the legal system.

## X. **Violation of Free Speech and Color of Law (42 USC §§1983)**:

15. I further allege that my rights to free speech have been violated by [School Name] through their actions of retaliation, harassment, and intimidation. These actions impede my ability to express myself openly and without fear of reprisal. Additionally, I believe that Defendant Bossier Community College Bossier Community College's actions, as described herein, may constitute a violation of the color of law as defined under 42 USC §§ 1983, wherein individuals acting under the pretense of law engage in conduct that deprives others of their rights protected by the Constitution.

## XI. **Request for Cease and Desist**:

16. I hereby demand that Defendant Bossier Community College immediately cease and desist any further acts of harassment, intimidation, and retaliation against me. The ongoing harassment and hostile behavior have caused significant distress and emotional turmoil. Further legal action may be necessary if these actions persist.

**WHEREFORE**, Plaintiff requests an order against Defendants:

## XII. <u>Conclusion</u>:

17. In conclusion, the denial of the Accused's right to confrontation and due process rights is a grave infringement on their constitutional rights under the Confrontation Clause and the Sixth Amendment. I implore the relevant authorities to act swiftly to rectify this situation and ensure that the Accused is afforded a fair and just legal process.

18. I assert that I have provided a truthful and accurate account of the events that have transpired. The expulsion, subsequent harassment, and the citation for Louisiana Revised Statute 14 Section 285 are all part of a concerted effort to undermine my rights, retaliate against me for filing a lawsuit, obstruct the legal process, and violate my rights to free speech and under color of law. I am prepared to take any necessary steps to defend my rights and seek justice for the treatment I have endured.

      A.  Injunctive relief may be appropriate to prevent future state law violations.
      B.  And any further relief this Court deems appropriate, including costs pursuant to 42 U.S.C. § 198

Signed under penalty of perjury,

Respectfully Submitted,

GILBERT LAU
PLAINTIFF PRO SE
Also known as the Plaintiff John Doe
Ph: 1-318-423-8049
Mail to:
John Doe
Plaintiff Pro Se
c/o:
**Carlos E. Elias**, BS/MT
P.O. Box 546
Gracie Station
New York, New York
10028

1. One, Witnessed by:

   *Roy R Bates* / Roy R BATES

   [Witness's Print Name]

2. One, Witnessed by:

   *Raymond Bates* / Raymond Bates

   [Signature of Witness]

Sworn to before me
25th day of Aug , 2023

*Janis J Bates*
Notary Public

**Janis J. Bates**
**Notary Public #** 78110
**Commission For Life**
**2201 Belle Grove Drive**
**Bossier City, LA 71111**
**(318) 747-2558**