UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

JOHN DOE                                                    CIVIL ACTION NO. 23-cv-1261

VERSUS                                                      JUDGE DAVID C. JOSEPH

BOSSIER PARISH COMMUNITY COLLEGE        MAGISTRATE JUDGE HORNSBY
ET AL

**MEMORANDUM ORDER**

John Doe ("Plaintiff"), who is self-represented, filed this civil action in the Northern District of New York against Bossier Parish Community College ("BPCC"), its chancellor, three persons who serve as vice chancellor and/or dean, the chief of campus police, and two "Doe" defendants who are described as unknown students. The New York court transferred venue to this court. Before the court are two motions filed by Plaintiff: (1) Motion to Seal the Case and Proceed under a Pseudonym (Doc. 4) and (2) Motion for Leave to Proceed in Forma Pauperis (Doc. 2).

Plaintiff alleges that he was a student at BPCC, but he was expelled after he was accused of viewing sexual material on his computer. Plaintiff alleges that the students who reported him lied and that the BPCC officials who addressed the report are liable for claims ranging from due process violations to humiliation. Plaintiff complains of lack of adequate notice and hearing, inadequate evidence, and the like. He contends that the allegations against him resulted in him being banned from Thrifty Liquor locations in three cities, financial institutions, and coffee shops. He also alleges that he was wrongfully cited for violating a Louisiana statute that forbids harassing telephone communications. Plaintiff

sets forth numerous counts and purported causes of action for which he seeks significant compensatory damages and $2.75 trillion in punitive damages.

The first consideration is Plaintiff's Motion to Seal the Case and Proceed under a Pseudonym (Doc. 4). The power to seal court records must be used sparingly in light of the public's right to access. The principle of public access to judicial records furthers not only the interests of the outside public, but also the integrity of the judicial system itself. U.S. v. Holy Land Foundation, 624 F.3d 685, 690 (5th Cir. 2010). Public access serves to promote trustworthiness of the judicial process, curb judicial abuses, and provide the public with a more complete understanding of the judicial system, including a better perception of its fairness. Id. In exercising its discretion to seal judicial records, the court must balance the public's right of access against the interests favoring nondisclosure. S.E.C. v. Van Waeyenberghe, 990 F.2d 845, 848 (5th Cir. 1993); Sealing Court Records and Proceedings: A Pocket Guide, p. 17 (FJC 2010).

Plaintiff contends that this case deals with information that is sensitive in nature and potentially embarrassing or upsetting. Plaintiff expresses concern that the case could involve minors because the age of the Doe defendant students is not yet known. He also points to the potential for filings that contain personal identifiers such as dates of birth, social security numbers, and the like.

Plaintiff's concerns do not provide an adequate basis to seal the record or the complaint. The court routinely hears cases involving sexual harassment, defamation, civil rights claims, and other sensitive matters without sealing the record or any key filings. The public has an interest in such proceedings independent of the parties' interest, and it

promotes the trustworthiness of the judicial process to provide the public with a complete understanding of court proceedings. For these reasons, courts "heavily disfavor sealing information placed in the judicial record." June Medical Services, LLC v. Phillips, 22 F.4th 212, 519-20 (5th Cir. 2022).

For similar reasons, courts do not lightly grant requests to proceed under a pseudonym. Federal Rule of Civil Procedure 10(a) states that the title of a complaint "must name all the parties." This serves the important purpose of facilitating public scrutiny of judicial proceedings and cannot be set aside lightly. The public has a right to know who is using their courts. Sealed Plaintiff v. Sealed Defendant, 537 F.3d 185, 188-89 (2d Cir. 2008). First Amendment guarantees are implicated when a court restricts public scrutiny of judicial proceedings, Doe v. Stegall, 653 F.2d 180, 185 (5th Cir. 1981), but the court may under certain limited circumstances grant leave for a party to use a fictitious name. Id. at 186. The Fifth Circuit uses a balancing test of considerations calling for maintenance of a party's privacy against the customary constitutionally-embedded presumption of openness. Id. at 185-86.

The court finds that the public's interest in this suit, which alleges wrongdoing by public officials, outweighs any personal privacy interests asserted by Plaintiff. Some of the facts may be embarrassing, but so are those in many employment discrimination, medical malpractice, and civil rights cases. The Fifth Circuit has recently rejected requests to proceed under a pseudonym that were made by (1) abortion providers and (2) a police officer who asserted claims related to high-profile civil rights protests. June Medical Services, 22 F.4th at 520 n.5; Doe v. McKesson, 945 F.3d 818, 835 n. 12 (5th Cir. 2019),

vacated on other grounds, 141 S.Ct. 48 (2020).  The court finds that the best exercise of its discretion, taking into account all relevant considerations, is to deny the request to proceed under a pseudonym.

Plaintiff's **Motion to Seal the Case and Proceed under a Pseudonym (Doc. 4)** is **denied** for the reasons stated above.  Plaintiff has expressed concern about personal identifiers appearing in the record.  Federal Rule of Civil Procedure 5.2 and Local Rule 5.7.12 provides for the filing of redacted versions of a social security number, date of birth, the name of a minor, home addresses, and financial account numbers.  Faithful adherence to the requirements of those rules will avoid many of the potential harms about which Plaintiff expresses concern.

Plaintiff has also filed a **Motion for Leave to Proceed in Forma Pauperis (Doc. 2)** in which he represents that he has no money in checking or savings accounts, no significant assets, and receives about $1,000 a month in government benefits.  His monthly expenses are housing, utilities, transportation, and loan payments that equal or exceed his income.  Based on the showing made, Plaintiff's motion to proceed in forma pauperis is **granted**.

THUS DONE AND SIGNED in Shreveport, Louisiana, this 15th day of September, 2023.

Mark L. Hornsby
U.S. Magistrate Judge